liVICTORY, Justice.[1]
In this personal injury suit against the Louisiana Department of Wildlife and Fisheries, and various other State agencies, the trial court declared the recreational immunity provision contained in La.R.S. 9:2795(E) to be an unconstitutional grant of sovereign immunity in contravention of La. Const, art. XII, § 10(A).[2] The Department of Wildlife and Fisheries and the other defendants, appealed to the Louisiana First Circuit Court of Appeal, which transferred the case to this Court pursuant to La. Const, art. V, § 5(D)(2).[3] We reverse the trial court’s declaration of unconstitutionality, finding that it was not essential to a resolution of this case.
FACTS AND PROCEDURAL HISTORY
This ease arises out of a diving accident that occurred in False River Lake on August 31, 1986. On that day, 17-year-old Sloan Deumite travelled to the Lake with |2his father’s boat to waterski with friends. After launching the boat, the group decided to stop at a nearby dock and convenience store to buy snacks. Sloan remained at the pier in the boat. Shortly thereafter, another boat approached the pier to buy gasoline. To give the approaching boat access to the gasoline pumps, Sloan allowed his boat to drift away from the pier. After the boat drifted away, Sloan dove from the back of the boat into the water and struck the bottom of the Lake with his head, sustaining serious spinal injuries including quadriplegia.
Sloan and his parents sued the State of Louisiana, and various State agencies,[4] including, the Louisiana Department of Wildlife and Fisheries (the “DWF”), alleging liability on numerous negligence and strict liability grounds. The DWF defended by asserting immunity under La.R.S. 9:2795(E).
The trial court found the DWF and the Department of Natural Resources liable, and assessed Sloan with 50% comparative fault.[5] After reduction, Sloan was awarded $7,654,-425.00 in damages. The trial court also awarded Sloan and his father, in solido, $502,293.20 for past medical expenses, and awarded Sloan’s mother and father $150,-000.00 each for loss of consortium (both figures after reduction).
*729 The trial court rejected the DWF’s immunity defense, declaring 9:2795(E) unconstitutional. It concluded that La.R.S. 9:2795(E) creates a dichotomous immunity situation between private landowners and the DWF because private landowners are required to show that their lands or water bottoms are used for recreational purposes, while the DWF is afforded immunity regardless of the purposes for which its lands or water bottoms are used. Further, the trial court reasoned that under this Court’s test in Chamberlain v. State through the Department of Transportation and Development, |3624 So.2d 874 (La.1993), subsection (E) affords substantive defenses to the DWF based solely on governmental status, and is an unconstitutional grant of sovereign immunity in violation of La. Const, art. XII, § 10(A).
For the reasons stated, we reverse the trial court’s declaration of unconstitutionality, finding that it was not essential to a decision in this case.
DISCUSSION
The general recreational immunity provision is set forth in La.R.S. 9:2795(B), which provides:[6]
B. (1) Except for willful or malicious failure to warn against a dangerous condition, use, structure, or activity, an owner of land, except an owner of commercial recreational developments or facilities, who permits with or without charge any person to use his land for recreational purposes as herein defined does not thereby:
(a) Extend any assurance that the premises are safe for any purposes.
(b) Constitute such person the legal status of an invitee or licensee to whom a duty of care is owed.
(c) Incur liability for any injury to person or property incurred by such person.[7]
This statute addresses the liability of an owner of property used for any recreational purpose. Keelen v. Louisiana Department of Culture, Recreation and Tourism, 463 So.2d 1287,1289 (La.1985). Despite the statute’s broad language, this Court has placed two limitations upon its applicability. The first limitation, upon the type of land or water bottom covered, was established in Keelen. Therein, it was determined that the characteristics of the lands or water bottoms at issue should be examined, and that only “open and undeveloped expanses of property” are covered. UFurther, this Court concluded that the injury-causing condition or instrumentality is a factor to be used in determining whether it is of the type normally encountered in the “true outdoors.” Keel-en, 463 So.2d at 1290. The second limitation was established in Monteville v. Terrebonne Parish Consolidated Government, 567 So.2d 1097 (La.1990). Therein, this Court found that the recreational immunity statute applies only to the owners of private lands or water bottoms.
Thus, a private owner may be immune from liability under La.R.S. 9:2795(B) for injuries occurring on his property if it is shown that: (1) the land or water bottom is used for “recreational purposes;” and (2) if the land or water bottom possesses the characteristics set forth in Keelen.
Louisiana R.S. 9:2795(E) contains a specific immunity provision applicable to lands or water bottoms owned or operated by the DWF. It provides:
(E) The limitation of liability provided in this Section [referring to the remainder of La.R.S. 9:2795] shall apply to any lands or waterbottoms owned, leased, or managed by the Department of Wildlife and Fisheries, regardless of the purposes for which the land or waterbottoms are used, and whether they are used for recreational or *730 nonrelational purposes. (Emphasis added.)
The language of this statute clearly gives the DWF the recreational immunity afforded to private landowners by La.R.S. 9:2795(33). The emphasized phrase also purports to give the DWF greater immunity by exempting it from proving that the land or water bottom is used for “recreational purposes.”
The trial court reasoned that La.R.S. 9:2795(E) is unconstitutional because the immunity of private owners is conditioned upon a showing that their lands or water bottoms are used for recreational purposes, while the DWF’s immunity is not. Chamberlain, supra. However, even if the trial court’s assessment of La.R.S. 9:2795(E) is correct, the declaration of unconstitutionality of subsection (E) was completely unnecessary because there is no serious dispute about the issue of recreational use.
IsThe record clearly shows that False River Lake is used for recreational purposes, and that this accident occurred while Sloan Deumite was using the Lake for such purposes (i.e., waterskiing, swimming, and diving). La.R.S. 9:2795(A)(3).[8] Under these facts, the DWF need not rely on the relaxed immunity standard of Subsection (E). Rather, it is able to easily satisfy the same recreational use standards imposed upon private landowners. Cf. Price v. Exxon, 95-0392 (La.App. 1st Cir. 11/9/95); 664 So.2d 1273.
It is well-settled that a court should not pass on the constitutionality of legislation unless it is essential to the decision of the case or controversy. White v. West Carroll Hospital, Inc., 613 So.2d 150, 157 (La.1992), citing Benson & Gold Chevrolet, Inc. v. The Louisiana Motor Vehicle Commission, 403 So.2d 13, 23 (La.1981); Commercial National Bank in Shreveport v. Scott, 398 So.2d 1127 (La.1981). Because a determination of the constitutionality of La.R.S. 9:2795(E) was not essential to this case, the trial court erred in so ruling.
DECREE
The trial court’s declaration of unconstitutionality of La.R.S. 9:2795(E) is vacated, and the case is remanded to the Louisiana First Circuit Court of Appeal for consideration of all remaining issues, including whether False River and its water bottoms meet the Keelen test.
DECLARATION OF UNCONSTITUTIONALITY VACATED; CASE REMANDED.
LEMMON, J. concurs and assigns reasons.
JOHNSON, J. concurs.

. Kimball, J., recused. Judge Burrell J. Carter, Court of Appeal, First Circuit, participating as Associate Justice Pro Tempore.

. Louisiana Const, art. XII, § 10(A) provides:
Neither the state, a state agency, nor a political subdivision shall be immune from suit and liability in contract or for injury to person or property.

. Prior to oral argument before this Court and submission of this case for decision, the Louisiana electorate voted to amend La. Const, art. XII, § 10(C), to authorize the legislature to limit the extent of liability of the state and its agencies, including the circumstances giving rise to liability and the kinds and amounts of recoverable damages. 1995 La. Acts No. 1328. In brief and at oral argument, the state has argued that this amendment retroactively cures any constitutional defect in La.R.S. 9:2795(E). We pretermit consideration of the effect of the amendment upon the statute's constitutionality because we find that the facts presented do not require a ruling on the constitutionality of La.R.S. 9:2795(E). Further, we decline the parties' invitations to exercise our discretionary appellate jurisdiction over the numerous other issues presented by this appeal. La. Const, art. V, § 5(F).

. Other state agencies named as defendants were the: Department of Transportation and Development; Department of Public Safety; and Department of Natural Resources. The plaintiffs also sued numerous other defendants who were dismissed before trial.

. The trial court found that the Department of Public Safety and the Department of Transportation and Development were not liable to the plaintiffs.

. A related provision, La.R.S. 9:2791, also provides general recreational immunity under certain other circumstances. This provision is not at issue here.

. Subparagraph (c) of La.R.S. 9:2795(B)(1) was amended in 1995 by La. Acts No. 1092, § 3, effective August 15, 1995. It now provides:
(c) Incur liability for any injury to person or property caused by any defect in the land regardless of whether naturally occurring or man-made.

. Louisiana R.S. 9:2795(A)(3) provides:
"Recreational purposes” includes, but is not limited to, any of the following, or any combination thereof: hunting, fishing, trapping, swimming, boating, camping, picnicking, hiking, horseback riding, bicycle riding, motorized vehicle operation for recreation purposes, nature study, water skiing, ice skating, sledding, snowmobiling, snow skiing, summer and winter sports, and viewing or enjoying historical, archaeological, scenic, or scientific sites.