liWATSON, Justice.*
These consolidated suits against the State of Louisiana, through the Department of Transportation and Development (DOTD) and the Department of Public Safety and Corrections (DPSC), arise out of an automobile accident. They allege both negligence and strict liability. The trial court entered judgment for the defendants. The court of appeal decided that the LSA-R.S. 9:2800 notice provisions are vestiges of sovereign immunity which violate La. LConst. art. 12, § 10(A).[1] We vacate the appellate court’s declaration of uneonstitutionality, which was not essential to a resolution of this case, and remand.[2]
FACTS
On April 16, 1991, a vehicle operated by Ron Underdonk, and owned by Daniel Rhodes, collided with a vehicle operated by Linda Watson at the intersection of Louisiana Highway 24 (also known as West Park *241 Avenue) and Oakshire Drive in Houma, Louisiana. The intersection was controlled by a malfunctioning traffic control signal, which showed a green light to bothj^notorists. Michelle Rhodes, a guest passenger in the Underdonk vehicle, and Linda Watson sustained injuries.
The Rhodes plaintiffs and the Watson plaintiffs filed separate suits alleging strict liability and negligence against DOTD and alleging negligence against DPSC. Louisiana Farm Bureau Casualty Insurance Company, the automobile liability insurer of the Rhodes vehicle, intervened seeking recovery of medical payments. The cases were consolidated.
After trial on the merits, the trial court held that the DOTD was negligent in its maintenance and care of the traffic signal. However, plaintiffs did not meet the LSA-R.S. 9:2800[3] burden of showing actual or constructive | .¡notice of the defect. The trial court rendered judgment in favor of DOTD and DPSC, dismissing the plaintiffs’ suits at their cost.
The plaintiffs and intervenor filed a motion to amend their petition to allege the unconstitutionality of LSA-R.S. 9:2800, arguing the statute violates the abrogation of sovereign immunity in La. Const, art. 12, § 10(A): The plaintiffs filed a motion for new trial on the same basis and also argued at the hearing that they proved the state’s negligence. The trial court denied the motion to file amended pleadings on the ground that the pleadings could not be amended after judgment was rendered. The trial court denied the motion for new trial stating the constitutionality issue could be argued on appeal.
The appellate court found no error in the trial court’s denial of leave to file an amended petition but found an abuse of discretion in its denial of the motion for new trial. The court of appeal declared R.S. 9:2800 unconstitutionally conflicted with La. Const, art. 12, § 10(A). Since the trial court abused its discretion in denying the motion for new trial, R.S. 9:2800 was ^unconstitutional, and the record was complete, the court of appeal decided the case de novo.
The court of appeal held the malfunctioning traffic signal created an unreasonable risk of injury and caused the injuries to Michelle Rhodes and Linda Watson. Under strict liability principles, the court of appeal found DOTD liable for damages. The court of appeal found DPSC was not negligent.[4] Damages were assessed against DOTD. The appellate court found the intervenor entitled to recover on its subrogation claim for the medical payments made on behalf of Michelle Rhodes. Rhodes v. State through DOTD, 94-1758 (La.App. 1 Cir. 5/5/95); 656 So.2d 650.
DOTD filed a writ to review the appellate court’s ruling, noting that the state was entitled to a direct appeal due to the declaration that R.S. 9:2800 was unconstitutional. See La. Const, art. 5, § 5(D). A writ was granted and docketed as an appeal. 95-1848 (La. 1/3/96); 665 So.2d 1173.
*242 LAW
A court should not pass on the constitutionality of legislation unless it is essential to the decision of the case or controversy. Deumite v. State, 95-1263 6p. 5 (La. 2/28/96); 668 So.2d 727, 730; Matherne v. Gray Ins. Co., 95-0975 p. 8 (La. 10/16/95); 661 So.2d 432, 434; Bd. of Com’rs of Orleans Levee v. Connick, 94-3161 p. 6 (La. 3/9/95); 654 So.2d 1073, 1076; White v. West Carroll Hosp., Inc., 613 So.2d 150, 157 (La.1992). The first inquiry is whether the court of appeal had to reach the constitutional issue to decide the case.
Plaintiffs’ claim against DOTD asserted both negligence under La.C.C. art. 2315 and strict liability under La.C.C. art. 2317. To prove negligence under art. 2315 against a thing’s owner, plaintiffs must prove that the thing (the traffic signal) created an unreasonable risk of injury that resulted in damage, that DOTD knew or should have known of that risk, and that DOTD failed to render the signal safe or to take adequate steps to prevent the damage. Kent v. Gulf States Utilities Co., 418 So.2d 493, 497 (La.1982).
Under traditional negligence concepts, the knowledge (actual or constructive) gives rise to the duty to take reasonable steps to protect against injurious consequences resulting from the risk, and no responsibility is placed on the owner who acted reasonably but nevertheless failed to discover that the thing presented an unreasonable risk of harm. Id.
Generally, to prove strict liability under art. 2317, a plaintiff is relieved of proving that the defendant knew or should have known of the risk involved. However, R.S. 9:2800 (which applies to government defendants such as DOTD) “requires a plaintiff to prove that the public entity has actual or ^constructive notice of the particular vice or defect which caused the damage prior to the occurrence, and the public entity has had a reasonable opportunity to remedy the defect and has failed to do so.” Campbell v. Department of Transp. & Dev., 94-1052 p. 5 (La. 1/17/95); 648 So.2d 898, 901 (internal quotation marks omitted); See also Bessard v. State, Dept. of Transp. and Development, 94-0589 p. 3 (La. 11/30/94); 645 So.2d 1134, 1136. R.S. 9:2800 eliminates the distinction between public bodies’ negligence and strict liability.
To state the matter in terms of a duty-risk analysis, the plaintiffs had to prove:
that the conduct in question was the eause-in-fact of the resulting harm, that defendant owed a duty to plaintiff which defendant breached and that the risk of harm was within the scope of protection afforded by the duty breached.
Campbell, p. 5, 648 So.2d at 901.
Under either negligence or strict liability theories, the state’s duty through DOTD was the same. In this case, DOTD’s duty was to keep highways in a reasonably safe condition. See Campbell, p. 5, 648 So.2d at 901; Lewis v. State, Through DOTD, 94-2370 p. 5 (La. 4/21/95); 654 So.2d 311, 314. This included a duty in regard to the traffic signal.
18It is well settled that a governmental authority that undertakes to control traffic at an intersection must exercise a high degree of care for the safety of the motoring public.
Briggs v. Hartford Ins. Co., 532 So.2d 1154, 1156 (La.1988).
DISCUSSION
The trial court concluded “that the State was indeed negligent in its maintenance and care of traffic signals, however the Plaintiff was unable to overcome the burden placed on it by R.S. 9:2800.”[5] This conclusion is contradictory. To find the DOTD negligent, the trial court logically had to find the plaintiffs overcame the statutory burden for proving strict liability. The R.S. 9:2800 “burden” placed on the plaintiffs in proving strict liability was the requirement that they prove DOTD’s actual or constructive notice of the particular vice or defect in the traffic signal and that DOTD had a reasonable op *243 portunity to remedy the defect but failed to do so. A finding of DOTD negligence includes the finding that DOTD knew or should have known that something about the traffic signal created an unreasonable risk of injury that resulted in damage and that DOTD failed to render the signal safe or to take adequate steps to prevent the damage caused by the signal.
bThe inconsistency was pointed out to the trial court at the hearing on the motion for new trial both by the plaintiffs and the inter-venor. R. 2, p. 528. The written reasons for judgment denying a new trial did not resolve this conflict. R. 2, p. 258. The plaintiffs and the intervenor assigned this issue as their first argument to the court of appeal.
Rather than analyze the inconsistent trial court judgment and determine whether plaintiffs proved the DOTD negligent under art. 2315, the appellate court determined the constitutional impact of R.S. 9:2800 on governmental bodies’ strict liability. After finding the statute violates the abrogation of sovereign immunity found in La. Const, art. 12, § 10(A), the court of appeal confined its liability analysis to strict liability.
In initially determining the constitutional issue, the court of appeal by-passed the alternate negligence theory of liability asserted against DOTD. Considering the substantial evidence introduced by plaintiffs which tended to prove DOTD knew or should have known that its maintenance and care of the traffic signal created an unreasonable risk of harm, the court of appeal should have first determined whether plaintiffs proved DOTD’s negligence under art. 2315. Only if the court of appeal finds the plaintiffs failed to prove their negligence cause of action against DOTD should it determine the effect R.S. |iq9:2800 has on governmental bodies’ strict liability. It was, thus, not essential to reach the constitutional issue at this point.
CONCLUSION
The court of appeal had an alternate theory of liability to evaluate before it -had to determine a constitutional issue. The court of appeal’s declaration that R.S. 9:2800 unconstitutionally violates the abrogation of sovereign immunity found in La. Const, art. 12, § 10(A) was not necessary to the decision of the case at this point. The matter is remanded to the court of appeal to consider whether plaintiffs proved DOTD’s negligence under art. 2315. If so, it must then determine what damages are due to the plaintiffs. DECLARATION OF UNCONSTITUTIONALITY VACATED; CASE REMANDED.

 Because of the vacancy created by the resignation of Dennis, J., now a judge on the United States Court of Appeals for the Fifth Circuit, there was no justice designated “not on panel” under Rule IV, Part 2, Sec. 3. Panel included Chief Justice Calogero and Justices Marcus, Watson, Lemmon, Kimball, Johnson and Victory.

. La. Const, art. 12, § 10 provides:
§ 10. Suits Against the State
Section 10. (A) No Immunity in Contract and Tort. Neither the state, a state agency, or a political subdivision shall be immune from suit and liability in contract or for injury to person or property.

. Deumite v. State, 95-1263 p. 1 fn 3 (La. 2/28/96); 668 So.2d 727, 728, noted that prior to oral argument and submission of that case for decision, the Louisiana electorate voted to amend La. Const, art. 12, § 10(C) to authorize the legislature to limit the extent of liability of the state and its agencies, including the circumstances giving rise to liability and the kinds and amounts of recoverable damages. 1995 La.Acts No. 1328. In brief and at oral argument, the state has argued that this amendment retroactively cures any constitutional defect in LSA-R.S. 9:2800. As in Deumite, the Court pretermits consideration of the effect of the constitutional amendment upon the statute’s constitutionality because we find that the facts presented do not require a ruling on the statute's constitutionality at this time. We further decline to exercise our discretionary appellate jurisdiction over the numerous other issues argued by the parties and various amici.

. At the time of the accident, R.S. 9:2800 provided:
§ 2800. Limitation of liability for public bodies.
A. A public entity is responsible under Civil Code Article 2317 for damages caused by the condition of buildings within its care and custody.
B. Except as provided for in Subsection A of this Section, no person shall have a cause of action based solely upon liability imposed under Civil Code Article 2317 against a public-entity for damages caused by the condition of things within its care and custody unless the public entity had actual or constructive notice of the particular vice or defect which caused the damage prior to the occurrence, and the public entity has had a reasonable opportunity to remedy the defect and has failed to do so.
C. Constructive notice shall mean the existence of facts which infer actual knowledge.
D. A violation of the rules and regulations promulgated by a public entity is not negligence per se.
E. "Public entity" means and includes the state and any of its branches, departments, offices, agencies, boards, commissions, instrumen-talities, officers, officials, employees, and political subdivisions and the departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, and employees of such political subdivisions.

. The court of appeal properly reviewed DPSC’s negligence, which was the only cause of action asserted against it. The discussion which follows refers only to the liability of DOTD.

. It is clear the trial court was discussing DOTD's negligence and not that of DPSC. The court of appeal properly reviewed DPSC’s negligence, which was the only cause of action asserted against it. This discussion refers only to the liability of DOTD.