681 So.2d 340 (1996)
Embry TEEL and Patricia Ann Teel
v.
STATE of Louisiana, DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT and Virginia Wolfe.
Virginia Gilbert, Wife of and Charles WOLFE, Individually and as the Representative of His Minor Son David Wolfe
v.
STATE of Louisiana, DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT, Embry Teel, Linda Hupin, and Automotive Casualty Insurance Company.
No. 96-CA-0592.
Supreme Court of Louisiana.
October 15, 1996.
Rehearing Denied November 15, 1996.
Richard P. Ieyoub, Attorney General, Iris Ann Tate, New Orleans, John Elliott Baker, Metairie, Charles T. Williams, Jr., New Orleans, for Applicant.
Samuel R. Exnicios, New Orleans, Michael Robert Carson Riess, New Orleans, Randal R. Cangelosi, New Orleans, David Wyatt *341 Robertson, Baton Rouge, Sheryl Michelle Howard, New Orleans, Michael Stephen Haddad, New Orleans, and Randal Wyatt Robertson.
Hans Joseph Liljebert, for Amicus Curiae Jefferson Parish.
Donald Wayne Price, Baton Rouge, for Amicus Curiae Sloan Deumite.
WATSON, Justice.[1]
These consolidated suits against the Department of Transportation and Development (DOTD) arise out of an automobile accident in which Embry Teel sustained grievous bodily injury.[2] The Teels sued the DOTD under theories of negligence and strict liability. The trial court found the DOTD 50% liable for Embry Teel's injuries. In making its decision, the trial court decided that LSA-R.S. 9:2800 violates La. Const. art. XII, § 10(A), which abrogates all vestiges of sovereign immunity.[3] Because it was not necessary for the trial court to decide the constitutionality of R.S. 9:2800, we vacate the trial court's declaration of unconstitutionality and remand.[4]

FACTS
On September 6, 1991, Embry Teel's van was traveling eastbound on I-10 when he saw the vehicle in front of him hydroplane on heavy roadway water and skid into some roadside bushes. The distressed vehicle was driven by Linda Hupin. Teel pulled onto the shoulder to offer Hupin assistance. As Teel was retrieving electrical wire to pull Hupin's vehicle out of the bushes, a pick-up truck driven by Virginia Wolfe came into contact with the same water accumulation, hydroplaned, spun out of control, skidded off the roadway and smashed into Teel. Wolfe's truck pinned Teel against his van, causing catastrophic personal injuries, including the loss of his left leg.
The Teels brought suit against Wolfe and the DOTD. The Teels alleged that DOTD was strictly liable for Teel's injuries as the owner and custodian of I-10. The Teels also alleged that the DOTD was liable for negligence in failing to properly maintain and repair I-10 to prevent heavy water accumulation. The Teels further alleged that the DOTD was negligent in failing to maintain signs warning of the possibility of dangerous water accumulation on that section of I-10. The Teels settled with Wolfe, and she was dismissed from the suit.
During the trial on the merits, the Teels filed a Motion to Amend their petition to add the claim that R.S. 9:2800 is unconstitutional. After a hearing on the Teels' motion, the trial court granted them leave to amend their petition. Following the trial court's ruling allowing the amendment to include the constitutional claim, the DOTD applied for writs to the Court of Appeal. The Fourth Circuit Court of Appeal affirmed the trial court's decision granting the Teels leave to amend their petition. This Court denied a writ. 95-CC-1277.
The trial court entered judgment in favor of the Teels and against the DOTD on September 22, 1995. The trial court allocated 50% fault to the DOTD and Wolfe, respectively, for the accident. The trial court found *342 that the Teels suffered $2,480,000.00 in damages. For the DOTD's 50% allocation of fault, the trial court awarded the Teels the principal sum of $1,240,000.00, with interest at the legal rate from the date of judicial demand, plus all costs of the proceedings.
In reaching its decision as to DOTD's liability for the accident, the trial court found it necessary to consider the constitutionality of R.S. 9:2800, which restricts liability of a public body based on LSA-C.C. art. 2317 unless the public body had actual or constructive notice of the particular vice or defect and a reasonable opportunity to remedy it. The trial court stated that under R.S. 9:2800, the plaintiffs have the burden of proving that the defect in the roadway existed precisely where the accident occurred, and that the DOTD had actual or constructive knowledge of the existence of the problem. The trial court found that the evidence "is deficient to establish actual or constructive knowledge of a defect at the precise point where Hupin and Wolfe spun out of control." The trial court went on to find that R.S. 9:2800 is an unconstitutional vestige of sovereign immunity in violation of La. Const. art. 12, § 10(A). Thus, the trial court found that the state is placed in the same position as private litigants and are liable if they knew or should have known of the defect which caused Wolfe and Hupin to hydroplane. The trial court held that the defect created an unreasonable risk of harm to the motoring public, that the state knew or should have known of the defect, and was therefore liable under C.C. art. 2317.
Because the DOTD is entitled to a direct appeal to this Court by virtue of the trial court's declaration that La. R.S. 9:2800 is unconstitutional, DOTD filed a writ to review the trial court's decision. See La. Const. art. 5, § 5(D). The matter was lodged as an appeal in this Court.

LAW AND DISCUSSION
Rhodes v. State, DOTD, 95-1848 (La.5/21/96), 674 So.2d 239, explained that where a trial court finds negligence on the part of DOTD, the court need not resort to strict liability under C.C. art. 2317 to find liability on the part of DOTD. Thus, the court need not address the constitutionality of R.S. 9:2800, which purports to modify the state's liability only under C.C. art. 2317.[5]
Rhodes found:
In initially determining the constitutional issue, the court of appeal by-passed the alternate negligence theory of liability asserted against DOTD. Considering the substantial evidence introduced by plaintiffs which tended to prove DOTD knew or should have known that its maintenance and care of the traffic signal created an unreasonable risk of harm, the court of appeal should have first determined whether plaintiffs proved DOTD's negligence under art. 2315. Only if the court of appeal finds the plaintiffs failed to prove their negligence cause of action against DOTD *343 should it determine the effect R.S. 9:2800 has on governmental bodies' strict liability. It was, thus, not essential to reach the constitutional issue at this point. Id., 95-1848 p. 9-10, 674 So.2d at 243.
As in Rhodes, the trial court by-passed the negligence theory of liability, even though its own findings indicated DOTD negligence, in favor of reaching the constitutionality of R.S. 9:2800. See also Matherne v. Gray Ins. Co., 95-0975 p. 6 (La.10/16/95), 661 So.2d 432, 436 (holding the trial court's declaration of R.S. 9:2800 unconstitutionality premature, since there was no record evidence showing whether there was actual or constructive notice on the part of DOTD).
Rhodes further explained that R.S. 9:2800 eliminates the distinction between negligence and strict liability with respect to public bodies so that under either theory of liability, the state's duty through DOTD is the same. Id., 95-1848 p. 7, 674 So.2d at 242. Thus, a finding of negligence on the part of DOTD necessarily includes a finding that DOTD had actual or constructive knowledge of the defect as required under R.S. 9:2800. See Campbell v. Department of Transp. & Dev., 94-1052 p. 5 (La.1/17/95), 648 So.2d 898, 901 (stating that under R.S. 9:2800 as applied to government defendants, the analysis for both strict liability and negligence is the same).
In Rhodes, the trial court made the contradictory finding "that the State was indeed negligent in its maintenance and care of traffic signals, however the Plaintiff was unable to overcome the burden placed on it by R.S. 9:2800." Id., 95-1848 p. 8, 674 So.2d at 242. Similarly, in the case at bar, the trial court made the contradictory finding that DOTD is at fault "[u]nder a duty-risk analysis" and that DOTD "knew or should have known of the defect at the point where Wolfe and Hupin spun out of control" and "[t]hat defect created an unreasonable risk of harm to the motoring public" but that the plaintiffs could not fulfill the heightened burden of proof established in R.S. 9:2800. On the basis of this contradictory finding, the trial court considered the constitutionality of the "actual or constructive knowledge" requirement of R.S. 9:2800 and decided that it was an unconstitutional vestige of sovereign immunity. However, as in Rhodes, the trial court's finding of negligence on the part of DOTD rendered it unnecessary for the court to reach the issue of R.S. 9:2800. Not only does the trial court's finding of negligence entirely obviate the need to discuss strict liability, but it also necessarily fulfills the heightened requirements imposed by R.S. 9:2800.
The duty/risk analysis and the "knew or should have known" language employed by the trial court clearly indicate that the court found negligence on the part of DOTD. The trial court unequivocally stated that "[u]nder a duty-risk analysis, the Court concludes both Wolfe and DOTD are at fault in the accident." The duty/risk analysis is used to determine whether to impose liability for negligence under LSA-C.C. art. 2315. Mathieu v. Imperial Toy Corp., 94-0952 p. 4 (La.11/30/94), 646 So.2d 318, 321; Mart v. Hill, 505 So.2d 1120, 1122 (La.1987); Hill v. Lundin & Associates, Inc., 260 La. 542, 549, 256 So.2d 620, 622 (1972). To prove the negligence of a thing's owner under C.C. art. 2315, the plaintiff must prove that "something about the thing created an unreasonable risk of injury that resulted in the damage, that the owner knew or should have known of that risk, and that the owner nevertheless failed to render the thing safe or to take adequate steps to prevent the damage caused by the thing." Kent v. Gulf States Utilities Co., 418 So.2d 493, 497 (La. 1982) (emphasis in original). The trial court made specific findings that the defect in the roadway "created an unreasonable risk of harm to the motoring public which could have been simply remedied by a sign that warned the public," and that the DOTD "knew or should have known of the defect." Furthermore, there is ample record evidence of negligence on the part of DOTD. The trial court's conclusion that DOTD is liable only under a theory of strict liability thus conflicts with both its own findings and the record.
It is well-settled that a court should not pass on the constitutionality of legislation unless it is essential to the decision of the case or controversy. Rhodes, 95-1848 p. 5-6, 674 So.2d at 242; Deumite v. State, 95-1263 p. 5 (La.2/28/96), 668 So.2d 727, 730; Bd. of *344 Com'rs of Orleans Levee v. Connick, 94-3161 p. 6 (La.3/9/95), 654 So.2d 1073, 1076. It is clear that the constitutionality of R.S. 9:2800 was not essential to the trial court's decision, because the court found DOTD negligence. The trial court should not therefore have passed on the constitutionality of R.S. 9:2800.
Although the Teels challenge the constitutionality of LSA-R.S. 13:5112(C), which sets forth a cap on the rate of prejudgment interest in suits against the state, contending that the statute creates a limitation on the state's liability in violation of La. Const. Art. XII, § 10, that issue is not properly before this court. The Teels did not raise this issue in the trial court. Accordingly, this court is precluded from addressing or deciding the constitutionality of a statute that was not ruled on by the court below. Twin Parish Port Com'n v. Berry Bros., 94-2594 p. 3 (La.2/20/95), 650 So.2d 748, 749; Segura v. Frank, 93-1271, 1401 (La.1/14/94), 630 So.2d 714, 725, cert. denied, ___ U.S. ___, 114 S.Ct. 2165, 128 L.Ed.2d 887 (1994); Liquefied Petroleum Gas Com'n. v. E.R. Kiper Gas Corp., 229 La. 640, 650, 86 So.2d 518, 521 (1956).

CONCLUSION
The trial court erred in finding the DOTD strictly liable and in finding R.S. 9:2800 unconstitutional. R.S. 9:2800 applies only to strict liability under C.C. art. 2317 and not to negligence under C.C. art. 2315. The trial court properly found negligence on the part of DOTD. Since a court should not pass on a statute's constitutionality unless it is essential to a case's decision, the trial court should have declined to rule on R.S 9:2800's constitutionality. We therefore vacate the trial court's declaration of unconstitutionality of R.S. 9:2800 and decline to address the constitutionality of that legislation. The matter is remanded to the court of appeal to consider the remaining issues raised by the parties.
DECLARATION OF UNCONSTITUTIONALITY VACATED; CASE REMANDED.
LEMMON, J., dissents and assigns reasons.
LEMMON, Justice, dissenting.
Unlike the case of Rhodes v. State, Dep't of Transp. and Dev., 95-1848 (La.5/21/96), 674 So.2d 239, the trial court in this case did not find the Department negligent. Both existence of and knowledge of the hazardous condition are essential elements of negligence. The trial court expressly found that "the evidence, although clearly showing that problems existed in the eastbound roadway, is deficient to establish actual or constructive knowledge of a defect ..."[1]
The trial court then proceeded to award a judgment against the Department on the basis of La. Civ.Code art. 2317. In order to do so, the trial court was required to address the constitutionality of La.Rev.Stat. 9:2800, which requires a finding of actual or constructive knowledge before liability can be imposed on a public entity under Article 2317. Only after declaring Section 2800 unconstitutional could the court hold the Department "liable under C.C. art. 2317," as the court expressly ruled.
I would proceed to address the constitutional issue, as the trial court properly did.
NOTES
[1] Victory, J., not on panel. Rule IV, § 3.
[2] The original suit was filed by Virginia Wolfe and the claims by the Teels were asserted by a reconventional demand which apparently was given a docket number by the trial court and consolidated. To properly identify the parties still in litigation this opinion is entitled, Teel v. DOTD et al consolidated with Wolfe v. DOTD et al.
[3] La. Const. art. XII, § 10(A) provides: "Neither the state, a state agency, nor a political subdivision shall be immune from suit and liability in contract or for injury to person or property."

In 1995, La. Const. art. XII, § 10(C) was amended to authorize the legislature to limit the extent of liability of the state and its agencies, including the circumstances giving rise to the liability and the kinds and amounts of damages recoverable. The state argues that this amendment applies retroactively to cure any constitutional defect in R.S. 9:2800. However, the Court declines to consider the effect of the amendment on the constitutionality of R.S. 9:2800, since a ruling on the constitutionality of the statute is not required at this time.
[4] The parties and amici also raise numerous other issues in this appeal, including the trial court's allocation of fault and the amount of damages awarded. Because we find the facts presented do not require a ruling on the statute's constitutionality at this time, we decline to exercise our discretionary appellate jurisdiction over these tangential issues.
[5] C.C. art. 2317 provides: "We are responsible, not only for the damage occasioned by our own act, but for that which is caused the by the act of persons for whom we are answerable, or of the things which we have in our custody."

R.S. 9:2800 purports to modify C.C. art. 2317 by adding the requirement that public entities have "actual or constructive notice" of a defect before they can be held liable under art. 2317. R.S. 9:2800 provides:
A. A public entity is responsible under Civil Code Article 2317 for damages caused by the condition of buildings within its care and custody.
B. Except as provided for in Subsection A of this Section, no person shall have a cause of action based solely upon liability imposed under Civil Code Article 2317 against a public entity for damages caused by the condition of things within its care and custody unless the public entity had actual or constructive notice of the particular vice or defect which caused the damage prior to the occurrence, and the public entity has had a reasonable opportunity to remedy the defect and has failed to do so.
C. Constructive notice shall mean the existence of facts which infer actual knowledge.
D. A violation of the rules and regulations promulgated by a public entity is not negligence per se.
E. "Public entity" means and includes the state and any of its branches, departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, employees, and political subdivisions and the departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, and employees of such political subdivisions. Public entity also includes housing authorities, as defined in R.S. 40:382(1) and their commissioners and other officers and employees.
[1] The trial judge did create confusion later in his reasons when he noted, after finding La.Rev.Stat. 9:2800 unconstitutional, that the Department, in the same position as a private litigant, "should have known ... that the roadway flooded in moderate rain and presented an unreasonable risk to the public. They are liable under C.C. art. 2317." The "should have known" words clearly were used in the context of strict liability which makes lack of knowledge of the defect irrelevant except for Section 2800.