MADELEINE M. LANDRIEU, Judge.
|2The plaintiff, John Gardner, appeals the trial court’s granting of summary judgment dismissing his claims against the sole remaining defendant, the Louisiana Stadium and Exposition District (“LSED”). For the reasons that follow, we affirm.
FACTS AND PROCEEDINGS BELOW
On July 18, 2012, Mr. Gardner filed a petition against the “Louisiana Superdome a/k/a Mercedes-Benz Superdome” alleging that he was injured on December 26, 2011 when he slipped and fell while walking down the “unreasonably slippery” steps leading to his seat at the Saints-Faleons football game. Mr. Gardner further alleged that his injuries were the result of the defendant’s “gross and wanton negligence,” comprised of eighteen specific negligent acts and/or omissions, including “[allowing a dangerous condition to exist” and failing to “make any attempt to remove the accumulation of water from the steps.” The defendant raised an exception of no cause of action on the basis that the Louisiana Superdome was not a juridical person capable of being sued, and therefore the plaintiff had not named a proper defendant. On November 14, 2012, prior to the hearing on the exception, Mr. Gardner filed an amended petition | ^substituting the LSED as the defendant. In a judgment rendered January 3, 2013, the trial court noted that the exception of no cause of action had been satisfied.
On January 7, 2013, the LSED filed a motion for summary judgment asserting that the LSED, which owns the Louisiana Superdome, had no responsibility to maintain, inspect, or clean the stairs because the management and day-to-day operation of the facility had been contracted out to another entity, SMG. On January 16, 2013, Mr. Gardner filed a second amended petition naming SMG as an additional defendant. SMG then filed an exception of *1107 prescription on the basis that the second amended petition was filed more than one year after Mr. Gardner’s accident.
The LSED’s motion for summary judgment was heard on March 8, 2013. At the conclusion of the hearing, the trial judge stated:
The Court finds that summary judgment is not proper at this juncture. There may be some additional discovery.[1]
On April 5, 2013, the trial court heard SMG’s exception of prescription and granted it.[2] Mr. Gardner filed a motion for new trial, which was denied. He then filed a motion and order for devolutive appeal, which the trial court signed on May 13, 2013. However, Mr. Gardner apparently never perfected the appeal or filed it in this Court.[3]
l/The LSED re-filed its motion for summary judgment. The trial court heard the motion on June 28, 2013 and granted it from the bench, rendering a written judgment to this effect on August 6, 2013. Mr. Gardner timely filed a writ application as to this judgment. We noted that the August 6th judgment was final and appeal-able because it had resulted in the dismissal of the LSED from the lawsuit. Accordingly, we granted the writ application for the sole purpose of remanding the matter to the trial court to consider Mr. Gardner’s notice of intent as a motion for appeal. This appeal followed.
DISCUSSION
Mr. Gardner argues that summary judgment was improper because there are genuine issues of material fact remaining as to the LSED’s liability. We disagree.
Louisiana Code of Civil Procedure Article 966 provides, in pertinent part:
B. (2) The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law....
C. (1) After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted.
(2) The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to' the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. (Emphasis supplied).
|BWe review summary judgments de novo using the same criteria applied by the trial courts to determine whether sum *1108 mary judgment is appropriate. Fleming v. Hilton Hotels Corp., 99-1996, p. 2 (La. App. 4 Cir. 7/12/00), 774 So.2d 174, 176.
To prevail on its motion for summary judgment, the LSED had to point out an absence of factual support for one or more essential elements of Mr. Gardner’s claim against it. The liability of a public body for damages caused by the condition of things within its custody and control is governed by Louisiana Revised Statutes § 9:2800, which provides, in pertinent part:
A. A public entity is responsible under Civil Code Article 2317 for damages caused by the condition of buildings within its care and custody.
[[Image here]]
C. ... [N]o person shall have a cause of action based solely upon liability imposed under Civil Code Article 2317 against a public entity for damages caused by the condition of things within its care and custody unless the public entity had actual or constructive notice of the particular vice or defect which caused the damage prior to the occurrence, and the public entity has had a reasonable opportunity to remedy the defect and has failed to do so.
D. Constructive notice shall mean the existence of facts which infer actual knowledge.
E. A public entity that responds to or makes an examination or inspection of any public site or area in response to reports or complaints of a defective condition on property of which the entity has no ownership or control and that takes steps to forewarn or alert the public of such defective condition, such as erecting barricades or warning devices in or adjacent to an area, does not thereby gain custody, control, or garde of the area or assume a duty to prevent personal injury, wrongful death, property damage, or other loss as to render the public entity liable unless it is shown that the entity failed to notify the public entity which does have care and custody of the property of the defect within a reasonable length of time.
[[Image here]]
| ¿There is no question that the LSED is a public entity. In order to maintain a claim for damages against a public entity under this statute, the claimant must show that the public body in custody of the property had actual or constructive notice of the hazard and a reasonable opportunity to remedy the condition, but failed to do so.. Maldonado v. Louisiana Superdome Commission, 95-2490, p. 6 (LaApp. 4 Cir. 1/22/97), 687 So.2d 1087, 1091. Prior to the 1996 revision of the Civil Code, R.S. 9:2800 “eliminate[d] the distinction between public bodies’ negligence and strict liability.” Rhodes v. State Through Dep’t of Transp. & Dev., 95-1848, p. 7 (La.5/21/96), 674 So.2d 239, 242.[4] Civil Code article 2317.1, adopted as part of the 1996 revision, now contains the same notice requirement as does R.S. 9:2800.[5] Thus, to establish the *1109 liability of the LSED under either strict liability or negligence, Mr. Gardner must prove not only that the LSED had care and custody of the Superdome, but also that the LSED: (1) had actual or constructive notice of the dangerous condition prior to the occurrence; (2) had a reasonable opportunity to remedy the defect; and (3) failed to remedy the defect. Bridges v. FCS Entertainment, 2000-1041, p. 3 (La. App. 4 Cir. 5/23/01), 789 So.2d 691, 693.
As this Court has stated:
17Constructive notice is defined as “the existence of facts which infer actual knowledge.” Constructive notice can be found if the conditions which caused the injury existed for such a period of time that those responsible, by the exercise of ordinary care and diligence, must have known of their existence in general and could have guarded the public from injury.
Maldonado, 95-2490, pp. 6-7, 687 So.2d at 1092 (Citations omitted).
In its motion for summary judgment, the LSED asserted that it could not be liable for Mr. Gardner’s injury because although it has statutory ownership of the Superdome, it has no care, custody or control of the facility. According to the LSED, it leased the Superdome to the State of Louisiana, which contracted the day-to-day operation of the Superdome to an unrelated entity, SMG. Alternatively, the LSED asserted that it had no actual or constructive notice of water present on and/or the slippery condition of the steps that allegedly caused Mr. Gardner’s fall. In support of its motion, the LSED submitted the affidavit of Mr. Ron Forman, its chairman. Mr. Forman avers, in pertinent part, that:
(1) The LSED is a political subdivision with a seven-member board appointed by the Governor of Louisiana. It does not have staff or employees.
(2) The LSED has statutory ownership of the Superdome. However, all event management, including all New Orleans Saints football games, and the daily operation of the Su-perdome, is the contractual responsibility of SMG, which is a private management company with a direct contract with the State of Louisiana.
(3) With respect to the December 26, 2011 accident, the LSED had no responsibility for or involvement with the section 109 Plaza Level steps, | stheir condition, maintenance, or any accumulation of water thereon. Further, said accident would not have been reported to the LSED, nor would the LSED have had any representatives or employees on site to respond to the accident.
(4) The LSED has no files, business records, reports or documents that refer to the accident alleged by Mr. Gardner.
As the trial court noted at the summary judgment hearing, Mr. Forman’s affidavit shifted the burden of proof to Mr. Gardner to submit some evidence to indicate that there was a genuine issue of fact regarding the LSED’s notice of the condition alleged by the plaintiff. However, Mr. Gardner submitted no affidavits, depositions or other evidence to defeat the LSED’s motion. Counsel for Mr. Gardner expressed the view that he did not have to submit anything to contradict Mr. Forman’s affidavit because “[The LSED] cannot contract away their obligation under the law.” The plaintiffs counsel cited no law to support this argument. The trial court correctly *1110 rejected the argument, and granted summary judgment to the LSED according to the provisions of article 966 of the Code of Civil Procedure.
We find no error in the judgment of the trial court.
CONCLUSION
Accordingly, for the reasons stated, the judgment of the trial court is affirmed.
AFFIRMED

. A written judgment denying the motion for summary judgment was signed April 15, 2013.

. A written judgment granting the exception of prescription was signed on April 19, 2013.

.This Court’s records contain no evidence of an appeal being filed from the judgment on the exception.'

. Under La. C.C. art. 2317 as it read prior to the 1996 amendments of the Civil Code, a plaintiff alleging strict liability did not have to prove the defendant had knowledge or notice of the condition that allegedly caused the plaintiff's damages. See generally, Rhodes, supra.

. La. C.C. art. 2317.1 provides, in pertinent part:
Art. 2317.1. Damage caused by ruin, vice, or defect in things The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or *1109 defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care....