DENNIS R. BAGNERIS, Sr., Judge.
_JjThe plaintiff, the Board of Commissioners for the Port of New Orleans (“Port of New Orleans”), filed suit against the City of New Orleans and Erroll G. Williams (“Mr. Williams”), in his official capacity as the Tax Assessor for the Parish of Orleans, challenging ad valorem tax assessments on properties owned by the plaintiff. After a hearing, the trial court granted the Port of New Orleans’s motion for summary judgment and ordered that the improvements on the properties are exempt from ad valorem taxation. Mr. Williams now appeals. After reviewing the record and the applicable law, we reverse and remand the matter to the trial court for further proceedings.
FACTS AND PROCEDURAL HISTORY
The Port of New Orleans is a political subdivision of the State of Louisiana. The Port of New Orleans owns land along the Inner Harbor Industrial Canal in New Orleans, Louisiana, at the municipal addresses of 3501 France Road, 4000 France Road, and 4001 Alvar Street. The Mississippi River Gulf Outlet Canal (“MRGO”) was primarily responsible for the development of various port activities and maritime industries along the Inner Harbor *823 Industrial Canal; | ghowever, in 2009, a storm surge barrier was constructed in the MRGO which permanently closed the MRGO to all maritime shipping.
The Port of New Orleans leases the warehouse facilities and other improvements at these municipal locations to two for-profit entities, The Kearney Companies, Inc. and Southern Intermodal Xpress, Inc. During the term of their respective leases, The Kearney Companies has made repairs and/or leasehold tenant improvements in excess of $100,000.00 at 3501 and 4000 France Road, and Southern Intermodal Xpress has made over $40,000.00 of leasehold tenant improvements at 4001 Alvar Street.
On July 19, 2012, Mr. Williams issued tax assessments to The Kearney Companies and Southern Intermodal Xpress for the 2011 tax year and then, in conjunction with the City of New Orleans, attempted to sell the properties at a public tax sale when the assessments were not paid. On September 21, 2012, the Port of New Orleans commenced this action against Mr. Williams challenging the 2011 ad valorem property tax assessment and the tax sale undertaken by the City of New Orleans for the delinquent taxes. On September 24, 2012, the trial court enjoined the tax sales that were scheduled for September 25, 2012.
On November 28, 2012, the Port of New Orleans filed a motion for partial summary judgment arguing that Art. VII, § 21(A) of the Louisiana Constitution of 1974 provides an exemption for “public property used for public purposes.” Specifically, the Port of New Orleans argued that it should be exempt from ad valorem taxes because (1) it owns the land and improvements, and (2) its third-party lessees use the improvements for public purposes, namely to provide state of the art warehousing, freight forwarding, and intermo-dal transportation services that contribute to the fulfillment and execution of its public mission and statutory ^obligation to maintain, develop, and promote the commerce and traffic of the port and harbor of New Orleans. In support of its partial motion for summary judgment, the Port of New Orleans attached the following exhibits: (1) the affidavit of Patrick J. Gallwey, the Chief Operating Officer of the Port of New Orleans; (2) an article on “The Economic Impact of the Ports of Louisiana” (March 2012); (8) The Port of New Orleans Overview; (4) The Kearney Companies lease; (5) the Southern Intermodal Xpress lease; (6) The Kearney Companies website[1]; (7) Southern Intermodal Xpress website[2]; (8) copies of the Notices of Tax Sale; and (9) copies of the revised 2011 tax bill.
On December 14, 2012, the trial court granted in part the Port of New Orleans’s partial motion for summary judgment and ordered “that the improvements at issue ... will be found to be exempt from ad valorem taxation ... if the Port is able to show that those improvements are (1) public property and (2) used for a public purpose.” [3]
On January 18, 2013, the Port of New Orleans filed a renewed motion for sum *824 mary judgment essentially making the same arguments as it did in its motion for partial summary judgment. The Port of New Orleans attached the same eight exhibits used in its earlier filed motion for partial motion for summary judgment to its renewed motion for summary judgment.
|4On January 24, 2013, Mr. Williams filed a cross motion for summary judgment arguing that The Kearney Companies and Southern Intermodal Xpress engage in for-profit activities that do not constitute (1) the performance of a governmental function; (2) an activity that benefits the entire general public; (3) or the dedication of property for use by the general public. Further, Mr. Williams alleges that there are competitors of The Kearney Companies and Southern Intermodal Xpress in Orleans Parish who engage in the exact same for-profit activities that are not exempt from ad valorem taxes. In support of his motion for summary judgment, Mr. Williams attached the following as exhibits: (1) the deposition of Patrick J. Gall-wey, the Chief Operating Officer of the Port of New Orleans; (2) the affidavit of Jason Fernandes, President of Fernandes Maritime Consultants, L.L.C.; (3) his own affidavit in his capacity as assessor for Orleans Parish; (4) the affidavit of Dave Larsen, President of Larsen Intermodal Inc.; (5) the affidavit of Ryan Finkbohner, the Vice President of Chickasaw Container Services, Inc.; (6) the affidavit of Michael D. O’Brien, the Managing Member of Avondale Container Yard, L.L.C.; (7) correspondence from Southern Intermodal Xpress to the Board of Commissioners for the Port of New Orleans regarding improvements made to the building; (8) correspondence from The Kearney Companies to the Board of Commissioners for the Port of New Orleans regarding repairs made to the buildings; (9) 1994 letter from the Board of Commissioners for the Port of New Orleans to Attorney General Iey-oub regarding ad valorem taxes and public property.
After a hearing on February 8, 2013, the trial court granted the Port of New Orleans’s motion for summary judgment and denied Mr. Williams’ cross motion for summary judgment. Further, the trial court ordered “that the improvements at | Sissue ... be exempt from ad valorem taxes,” “that the property tax bills and tax delinquency notices ... are invalid,” and “the City of New Orleans is hereby permanently enjoined from selling the properties at issue ... at any future public tax sale to satisfy the alleged tax debts of the Port’s third-party lessees.” Mr. Williams now appeals this final judgment.
STANDARD OF REVIEW
Appellate courts review the granting of summary judgment de novo under the same criteria governing the district court’s consideration of whether summary judgment is appropriate. Hare v. Paleo Data, Inc., 11-1034, p. 9 (La.App. 4 Cir. 4/4/12), 89 So.3d 380, 387. Summary judgment “shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. If the motion for summary judgment is denied, the court should provide reasons for the denial on the record, either orally upon rendition or in writing sua sponte or upon request of a party within ten days of rendition.” La. C.C.P. art. 966(B)(2). “The burden of proof remains with the movant.” La. C.C.P. art. 966(C)(2). “However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mov-ant’s burden on the motion does not re *825 quire him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense.” Id. “Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.” Id.
IfiA material fact is one that potentially insures or precludes recovery, affect’s a litigant’s ultimate success, or determines the outcome of the lawsuit. Hines v. Garrett, 04-0806, p. 1 (La.6/25/04), 876 So.2d 764, 765. A genuine issue is a “triable issue.” Smith v. Our Lady of the Lake Hosp., Inc., 93-2512, p. 27 (La.7/5/94), 639 So.2d 730, 751. If reasonable persons could disagree after considering the evidence, a genuine issue exists. However, if reasonable persons could reach only one conclusion on the state of the evidence, there is no need for a trial on that issue and summary judgment is appropriate. Id. “In determining whether an issue is ‘genuine,’ courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence.” Smith, p. 27, 639 So.2d at 751.
DISCUSSION
The Louisiana Constitution expressly provides “public property used for public purposes” is exempted from ad va-lorem taxation. La. Const, art. VII, § 21(A). The Louisiana Constitution further expressly states “no other property shall be held exempt from ad valorem taxation.” The primary issue before this Court is whether warehouses and office buildings owned by the Port of New Orleans when leased to third party private, for-profit, commercial tenants are exempt under La. Const, art. VII, § 21(A). This constitutional test is determined by examining whether the tenants at the site of the leased improvements engage in activities constituting a “public purpose.” The Louisiana Supreme Court in interpreting La. Const, art. VII, § 21(A) has effectively created a two-part test to determine the tax exemption of “other public property” (i.e.-property other than land). Slay v. Louisiana Energy and Power, 473 So.2d 51, 53-54 (La.1985). Under this test, 17other public property must be (1) vested in or owned by the public and (2) used for a public purpose, to remain exempt from ad valorem taxation.
The Port of New Orleans argues on appeal that the trial court correctly determined that the improvements are exempt from ad valorem taxation because The Kearney Companies and Southern Inter-modal Xpress provide various warehousing, freight forwarding, and intermodal transportation services that the Port of Orleans Board has determined, pursuant to its legislatively-conferred discretion, contribute to the fulfillment and execution of the Board’s broad public mission and statutory obligation under to La. R.S. 34:21 to “regulate the commerce and traffic of the port and harbor of New Orleans, in such manner as may, in its judgment, be best for the maintenance and development thereof.” Further, the Port of New Orleans alleges that it is engaged in an important “public purpose” as dictated by the Legislature in maintaining, developing, and promoting the commerce and traffic of the port and harbor of New Orleans.
Mr. Williams, on the other hand, does not dispute that the Port of New Orleans is a political subdivision of the State and that public lands, regardless of use, are not subject to ad valorem taxation. Further, Mr. Williams does not dispute that the improvements owned by the Port of New Orleans are deemed to be “public proper *826 ty.” However, Mr. Williams merely argues that the improvements at issue qualify for an ad valorem property tax because the improvements are leased to third-party privately owned tenants undertaking commercial, for-profit, activities which do not qualify as a “public purpose.”
The Louisiana Attorney General addressed the issue of taxes, and which party should be assessed, when land is owned by a tax exempt body but leased to another party and used in a commercial venture. Specifically, the Louisiana 1¡¡Attorney General stated, in Opinion No. 93-176, dated August 25,1993, in pertinent part:
In order for the property to remain tax exempt, the lessee would also have to meet tax exempt requirements or the use of the property must be for a public purpose. The Louisiana Supreme Court addressed this issue in Slay v. Louisiana Energy and Power Authority, 473 So.2d 51 (La.1985), where it stated:
‘Louisiana Constitution Article VII, Section 21(A) exempts public property used for public purposes from ad valo-rem taxation.... In order to be exempt under the article the property must be public, and it must be used for a public purpose.’ (Emphasis in original)
Another court approached a question somewhat like yours in Schulingkamp v. Heaton, 455 So.2 [So.2d] 1181 (LaApp. 4 Cir.1984) where it stated:
To tax private lessees or private lands and not to tax private lessees of public lands would be unjust and inequitable.’
[[Image here]]
It is the opinion of this office that if land is owned by a public body and leased to a private party for a commercial venture, the lessee/tenant should be liable for taxes assessed on both the land and the structures located thereon. In other words, the lessee should be liable for taxes on the entire leasehold, including the land, since it is not being used for a public purpose. Not to tax such property would be inequitable when compared to batture property under the same facts.
The Louisiana Attorney General also issued Opinion No. 96-320, on August 6, 1996, reaffirming the conclusion that “other public property (i.e., not public lands) would be subject to ad valorem taxes if said property was not used for a public purpose or if it did not fall within one of the other constitutionally created |9tax exempt classifications found in Article VII, Section 21.” The Louisiana Attorney General further stated:
In order to assist in a determination of whether property qualifies for exemption, the actual activities of the lessee, the purpose of the business’ charter, and use of the particular portion of the property under consideration should be examined as to how these factors relate to a public purpose. Each must be examined on an individual basis. (Emphasis added)
It must be concluded that property cannot be exempt when it serves no governmental function or is not reasonably incidental to a governmental function. The fact that the property will produce revenues which go toward financing governmental functions, alone, will not be sufficient to bring property within the purview of the exemption.
Although the Port of New Orleans relies on Abundance Square v. Erroll Williams, 10-0324 (LaApp. 4 Cir. 3/23/11) 62 So.3d 261 to support its argument that the lessees’ use of the properties further the Board’s broad public mission to maintain, develop, and promote the commerce and traffic of the port and harbor of New *827 Orleans, we do not find this case to be controlling as each case must be examined on an individual basis and because Abundance dealt with property owned by a for-profit entity rather than a political subdivision of the State of Louisiana. Although this Court, in Abundance, granted an ad valorem tax exemption under La. Const, art. VII, 21(A) in favor of two taxpayers for the public housing agency assisted units, it did limit the ad valorem tax exemption to only those housing units operated and dedicated as “public housing.”
From reviewing the record, we find that there are genuine issues of material fact concerning whether the specific activities being conducted by The Kearney Companies and Southern Intermodal Xpress serve any governmental function or | mpublic use. Further, we agree with Mr. Williams that the trial court ruled on the cross-motions for summary judgment without first permitting him the time necessary to complete discovery and present an adequate defense[4] as the Port of New Orleans’ initial motion for summary judgment was filed and set for contradictory hearing only sixteen calendar days apart. As such, we remand this matter to the trial court to allow the parties additional time to complete the necessary discovery and to have a hearing on whether the specific activities conducted by The Kearney Companies and Southern Intermodal Xpress serve a public purpose.
REVERSED AND REMANDED.
LOBRANO, J., Dissents with Reasons.
JENKINS, J., Dissents with Reasons.

. According to The Kearney Companies website, it supplies "commodity warehousing, import deconsolidation, rail transloading, international freight forwarding, and import customs house brokerage services.”

. According to the Southern Intermodal Xpress website, it is a "specialized carrier operating throughout the Southeastern Unites States” that provides "full service terminals” that can handle a variety of "intermodal needs.”

.The judgment was signed on January 8, 2013.

. The Port of Orleans filed its petition on September 21, 2012. At the February 8, 2013 hearing on the cross-motions for summary judgment, the trial court found that the motion for protective order was moot due to the granting of the summary judgment and ordered Mr. Williams to contact all individuals to whom he had issued a subpoena to inform them that they will not be required to sit for a deposition.