JUDGE SANDRA CABRINA JENKINS
This appeal arises out of a trip and fall accident. Plaintiff/Appellant Cassandra Smith alleges that she was entering the Crescent City Connection building in New Orleans, when she tripped over the rug at the entrance and fell. Ms. Smith appeals the trial court's January 12, 2018 judgment granting a Motion for Summary Judgment filed by the State of Louisiana through the Department of Transportation and Development ("DOTD"), which dismissed Ms. Smith's suit, with prejudice. For the reasons that follow, we reverse the trial court's judgment and remand for further proceedings.
FACTUAL AND PROCEDURAL BACKGROUND
This matter has a lengthy procedural history. On February 27, 2009, Ms. Smith filed a Petition for Damages against the DOTD, alleging that she tripped and fell on a rug as she was entering the Crescent City Connection building on March 14, 2008. According to Ms. Smith, she sustained serious injuries from the fall, including shoulder and neck injuries. The Petition sought damages for pain and suffering, disability and mental anguish, lost earnings and earning capacity, and medical and related expenses.
On March 17, 2015, the DOTD filed a Motion for Summary, seeking dismissal of Ms. Smith's suit on the grounds that the DOTD had no actual or constructive knowledge of the allegedly unreasonably dangerous rug, which Ms. Smith asserted was too close to the door, was unusually thick, and had a turned up corner.
After an evidentiary hearing, the trial court rendered a judgment on June 16, 2015 granting the DOTD's Motion for Summary Judgment and dismissing this action, with prejudice. On June 24, 2015, Ms. Smith filed a Motion for Appeal, which the trial court granted on June 25, 2015.
On January 14, 2016, this Court issued a sua sponte order directing the parties to show cause in writing why the appeal should not be dismissed because the June 16, 2015 judgment did not contain decretal language, and thus was not a final appealable judgment. On January 19, 2016, the DOTD filed an unopposed Ex Parte Motion to Amend Judgment in the trial court. The Amended Judgment, signed by the trial court on January 20, 2016, added the proper decretal language. On that date, the trial court ordered that the record be supplemented with the Amended Judgment. On January 21, 2016, Ms. Smith and *980 the DOTD each filed responses to this Court's order to show cause, and attached the Amended Judgment.
On February 17, 2016, this Court issued an opinion dismissing Ms. Smith's appeal without prejudice on the grounds that the record could not be supplemented with the Amended Judgment because it was an entirely new judgment that must be appealed. This Court remanded the matter, stating that "[o]nce a final appealable judgment is rendered, a new appeal may be filed with this Court."
On January 12, 2018, the trial court rendered a second judgment granting DOTD's Motion for Summary Judgment, and dismissing the lawsuit, with prejudice. Ms. Smith timely filed a Motion for Appeal on February 8, 2018.
DISCUSSION
Standard of Review
"Appellate courts review summary judgments under the de novo standard of review, using the same standard applied by the trial court in deciding the motion for summary judgment; as a result, we are not required to analyze the facts and evidence with deference to the judgment of the trial court or its reasons for judgment." Orleans Parish Sch. Bd. v. Lexington Ins. Co. , 12-0095, p. 5 (La. App. 4 Cir. 8/28/13), 123 So.3d 787, 790. "We therefore look at the record before us and make an independent determination regarding whether there are genuine issues of material fact that would preclude granting summary judgment." Id.
Burden of Proof
"[I]n reviewing summary judgments, we remain mindful of which party bears the burden of proof." Orleans Parish Sch. Bd. , 12-0095 at p. 6, 123 So.3d at 790. "Although the burden of proof on a motion for summary judgment remains with the moving party, the mover's burden changes depending upon whether he or she will bear the burden of proof at trial on the matter that is the subject of the motion for summary judgment." Id. at p. 6, 123 So.3d at 790-91. "[I]f the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense." La. C.C.P. art. 966(C)(2) (prior to amendment by 2015 Acts, No. 422, effective January 1, 2016).[1] Article 966(C)(2) further provides that "if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact." La. Code Civ. P. art. 966(C)(2). For purposes of a motion for summary judgment, a "genuine issue" is a "triable issue." Bd. of Comm'rs of Port of New Orleans v. City of New Orleans , 13-0881, p. 6 (La. App. 4 Cir. 2/26/14), 135 So.3d 821, 825 (citation omitted). "If reasonable persons could disagree after considering the evidence, a genuine issue exists." Id. If, however, reasonable persons could reach only one conclusion on the state of the evidence, there *981 is no need for a trial on that issue and summary judgment is appropriate. Id. "In determining whether an issue is 'genuine,' courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence." Id. (quoting Smith v. Our Lady of the Lake Hosp., Inc. , 93-2512, p. 27 (La. 7/5/94), 639 So.2d 730, 751 ).
Ms. Smith identifies a single assignment of error. She contends that the trial court erred in granting the DOTD's Motion for Summary Judgment when there were genuine issues of material fact in dispute regarding the DOTD's actual or constructive notice of the rug hazard.
La. R.S. 9:2800 : Limitation of Liability for Public Bodies
La. R.S. 9:2800 provides, in pertinent part:
A. A public entity is responsible under Civil Code Article 2317 for damages caused by the condition of buildings within its care and custody.
* * *
C. Except as provided for in Subsections A and B of this Section, no person shall have a cause of action based solely upon liability imposed under Civil Code Article 2317 against a public entity for damages caused by the condition of things within its care and custody unless the public entity had actual or constructive notice of the particular vice or defect which caused the damage prior to the occurrence, and the public entity has had a reasonable opportunity to remedy the defect and has failed to do so.
D. Constructive notice shall mean the existence of facts which infer actual knowledge.
In order to recover under La. R.S. 9:2800, the plaintiff must prove that: (1) the thing which caused the damage was owned or in the custody of the public entity; (2) the thing was defective due to a condition creating an unreasonable risk of harm; (3) the entity had actual or constructive notice of the defective condition yet failed to take corrective action within a reasonable period of time; and (4) the defect was the cause of the plaintiff's harm. Bridgewater v. New Orleans Regional Transit Auth. , 15-0922, p. 8 (La. App. 4 Cir. 3/9/16), 190 So.3d 408, 413 (citation omitted).
The DOTD moved for summary judgment solely on the grounds that it had no actual or constructive notice of the allegedly defective rug.[2] In support of its motion, the DOTD introduced the affidavits of DOTD employees Jo Ann Fernandez and Margaret Hepting. Ms. Fernandez attested that, as safety coordinator, she maintained a set of log books that documented any accidents that occurred in the Crescent City Connection building. Ms. Fernandez reviewed the log books spanning the period from 1987 to April 2008, and attested that there was only one slip and fall in the building, which did not involve a rug. Ms. Hepting, who is a loss prevention/safety officer, attested to the accuracy of the log books, and corroborated Ms. Fernandez's statements about the single prior slip and fall.
In opposition to the DOTD's Motion for Summary Judgment, Ms. Smith introduced *982 the following deposition testimony of Lynell Parker, who was a receptionist at the front desk near the entrance to the building. Ms. Parker described her experience with the rug as follows:
Q. Now, you said that - I think you read something from the summary of the statement that - observing the rug being flat that day.
A. Um-hmm.
Q. Were you specifically looking at the rug for any particular reason that day?
A. I always pass by that rug and look at that rug.
Q. Why do you look at it?
A. Because I'm always straightening it up.
Q. You're always straightening it up?
A. Yes.
Q. Why - why is that?
A. Because if it's - if it's more over to the left or more over to the right or they have trash on it, I'm picking it up.
Q. Okay. Do those rugs have a tendency to move?
A. Not really, no.
Q. Okay. Did you - did you sometimes have to - it would have a - get - the top part might get bent up and you have to put that back down flat? Would that happen?
A. If somebody walks over it like that.
Q. Okay. So you've seen that happen before?
A. Yes.
Ms. Parker continued:
Q. Okay. So sometimes people would - would come in and - and like the edge of the rug would get puckered up a little bit?
A. Yes.
Q. And you would have to straighten that out?
A. Not - not often.
Q. Okay. But it happened before - certainly you had that experience before Ms. Smith's - the day she fell.
A. Before that, yes.
A public entity may not be found liable under Article 2317 unless it is also shown that the entity had actual or constructive notice of the defect yet failed to correct it within a reasonable period. La. R.S. 9:2800(B). Actual notice is given under La. R.S. 9:2800 by "reporting the defect to a governmental employee who has a duty 'either to keep the property involved in good repair or to report dangerous conditions to the proper authorities.' " Hanson v. Benelli , 97-1467, p. 15 (La. App. 4 Cir. 9/30/98), 719 So.2d 627, 636. Given that the DOTD's two safety officers, Ms. Fernandez and Ms. Hepting, testified that they never received reports that the rug was a safety hazard, Ms. Smith cannot show that the DOTD had actual notice of the allegedly defective rug.
"Constructive notice can be found if the conditions which caused the injury existed for such a period of time that those responsible, by the exercise of ordinary care and diligence, must have known of their existence in general and could have guarded the public from injury." Gardner v. Louisiana Superdome , 13-1548, p. 6 (La. App. 4 Cir. 5/7/14), 144 So.3d 1105, 1109 (citation omitted).
With respect to the temporal element of constructive notice, Ms. Parker testified that she began working as a receptionist in the DOTD building one month before Ms. Smith's accident. Ms. Parker's testimony establishes that, in the one-month period prior to Ms. Smith's slip and fall, the rug at the entrance to the DOTD building had a tendency to bend or "pucker," and that Ms. Parker would sometimes have to straighten or flatten the rug. With *983 Ms. Parker's testimony, we find that Ms. Smith has presented factual support sufficient to establish the existence of a genuine issue of material fact on the element of notice. We find that reasonable persons could reach differing conclusions as to whether the DOTD had constructive notice of the defective rug, i.e. , whether it existed for such a period of time that, by the exercise of reasonable care, the DOTD should have known of its existence. Cf. Lewis v. Jazz Casino Co. , 17-0935, p. 12 (La. App. 4 Cir. 4/26/18), 245 So.3d 68, 76 (under La. R.S. 9:2800.6, "whether the period of time was sufficient to create constructive notice is a factual question reserved for the jury"), writ denied , 18-0757 (La. 9/21/18), 252 So.3d 877.
We, therefore, conclude upon our de novo review that the trial court erred in granting summary judgment in favor of the DOTD.
CONCLUSION
For the foregoing reasons, we reverse the trial court's January 12, 2018 judgment granting the DOTD's Motion for Summary Judgment, and remand for further proceedings.
REVERSED AND REMANDED

The legislature expressly provided that the 2015 amendment did not apply to any motion for summary judgment pending adjudication or appeal on the effective date of the Act. Jones v. Stewart , 16-0329, p. 7 (La. App. 4 Cir. 10/5/16), 203 So.3d 384, 389 n.5. Because the DOTD's Motion for Summary Judgment was filed before the 2016 effective date of the Act, we apply the former version of the article in this case.

The trial court, however, erroneously granted summary judgment to the DOTD based on the testimony of a DOTD employee that the rug was flat right before Ms. Smith fell. This testimony relates to the causation element of La. R.S. 9:2800, not the notice element, which was the sole basis for the DOTD's Motion for Summary Judgment. Under La. C.C.P. art. 966(F), "[a] summary judgment may be rendered or affirmed only as to those issues set forth in the motion under consideration by the court at that time."