JUDGE SANDRA CABRINA JENKINS
In this slip-and-fall case, plaintiff Valencia Lewis appeals a judgment from the trial court granting summary judgment in favor of defendant Jazz Casino Company, L.L.C. ("Jazz Casino"). For the reasons that follow, we reverse and remand.
FACTUAL AND PROCEDURAL BACKGROUND
On April 26, 2016, Ms. Lewis filed suit against Jazz Casino, the owner and operator of Harrah's casino ("Harrah's") in New Orleans. In her petition, Ms. Lewis alleges that on August 1, 2015, she was walking through Harrah's when she slipped and fell on some food on the floor. The petition asserts that Ms. Lewis sustained personal injuries caused by the negligent acts of Jazz Casino, which include, inter alia : (1) failure to properly maintain the casino premises; (2) failure to provide a reasonably safe surface for customers to walk on; (3) failure to provide any warnings of the dangerous condition; and (4) failure to inspect the area of the casino in which Ms. Lewis was injured.
On June 8, 2016, Jazz Casino filed an answer. Thereafter, the parties propounded interrogatories and requests for production of documents, and Ms. Lewis's deposition was taken. The record does not show that the trial court set a discovery cut-off date.
On March 2, 2017, Jazz Casino filed a motion for summary judgment arguing that there was an absence of factual support for several elements essential to Ms. Lewis's claim under Louisiana's Merchant *71 Liability Statute, La. R.S. 9:2800.6, including whether: (1) the food on the floor presented an unreasonable risk of harm that was reasonably foreseeable; (2) Jazz Casino created the risk of harm or had actual or constructive notice of the condition prior to Ms. Lewis's fall; and (3) Jazz Casino failed to exercise reasonable care to keep the aisles and walkways free of hazardous conditions. Jazz Casino contends that it is entitled to summary judgment because Ms. Lewis cannot prove all of the elements of her cause of action.
Ms. Lewis filed an opposition memorandum arguing that she has sufficient direct and circumstantial evidence to satisfy her burden of proving the elements of La. R.S. 9:2800.6 and, at a minimum, to establish numerous genuine issues of material fact to preclude summary judgment.
In support of its motion for summary judgment, Jazz Casino submitted excerpts from the deposition of Ms. Lewis, affidavits of Harrah's employees, safety manuals and an employee handbook, and Ms. Lewis's answers to interrogatories. In opposition to the motion, Ms. Lewis submitted excerpts from her deposition, affidavits from her husband and son, statements from Harrah's employees, and Ms. Lewis's discovery responses. The record and these exhibits establish the following facts concerning the incident:
Ms. Lewis testified in her deposition that, prior to the accident, she, her son, her husband, and her mother were leaving the slot machine area of the casino, and heading to the exit through the walkway between Harrah's buffet restaurant and the Masquerade lounge. She recalled that there "wasn't a whole lot of light" in the area. She said that while she stopped to look for her keys in her purse, her mother and husband continued walking 10 to 15 feet in front of her and her son. She noticed a Harrah's employee walking near her. She said that she slipped on the floor, and her son caught her as she fell. Ms. Lewis stated that she did not see any substance on the ground before she fell. She said that, after her fall, she saw "little white stuff" on the floor. According to Ms. Lewis, the nearby Harrah's employee, who stopped to help her, told her that she had slipped on a "smushed grape." She said that the Harrah's employee called his supervisor over, who told Ms. Lewis to step onto the nearby carpet to wipe off her feet. Ms. Lewis testified that she did not know how the grape got on the floor, did not know how long the grape was on the floor, and did not know if a Harrah's employee put the grape on the floor.
Ms. Lewis's son, Huebert Lewis II ("Huebert II"), submitted an affidavit in which he corroborated Ms. Lewis's testimony, including her statement that the Harrah's employee said that she had slipped on a "smushed grape." He further stated that after his mother slipped, he looked down and saw "some type of smashed food" on the floor. He also testified that after his mother wiped off her shoe on the carpet, he again saw "some type of food on the carpet and on her shoe." According to Huebert II, his mother "pointed to the food substance on the floor to show the supervisor."
Ms. Lewis's husband, Huebert Lewis Sr. ("Huebert Sr."), also submitted an affidavit in which he corroborated the testimony of his wife and son that the Harrah's employee said the substance on the floor looked like a "smushed grape." He also stated that, after his wife fell, he "looked down and saw some type of food substance on the marble floor" and the carpet.
Standford Parkman, a beverage employee at Harrah's who saw Ms. Lewis slip and fall, completed an Employee Statement in which he stated that when he went over to help Ms. Lewis, he did not observe "any *72 fruit on the ground" or "any other condition that would cause the slip."
Tori Mayshack, a beverage supervisor at Harrah's, completed a Voluntary Statement in which she stated that, at 3:00 a.m. on August 1, 2015, Mr. Parkman called her on the radio. She said that when she arrived between the Harrah's buffet and the Masquerade lounge, Mr. Parkman told her that a guest had slipped and fallen. Ms. Mayshack stated that Ms. Lewis told her that she had slipped on "something" on the floor, and pointed to a substance. Ms. Mayshack described the substance as "like melted cheese."
In discovery, Jazz Casino produced a surveillance videotape of the incident which starts one minute prior to Ms. Lewis's slip and fall, and ends four minutes after the incident. The videotape starts at the 2:49:00 a.m. mark and shows Ms. Lewis slipping and falling on the tile floor in front of Harrah's buffet around the 2:50:03 a.m. mark. The video also shows Mr. Parkman stopping to help Ms. Lewis, at which time her son, Huebert II, and Mr. Parkman huddle around an area of the floor to see what caused her accident. The video further shows Ms. Lewis's husband and mother walking back to Ms. Lewis to examine the floor. In the video, no foreign substance is visible on the casino floor.
The trial court originally set the motion for summary judgment for hearing on April 28, 2017. On April 12, 2017, Ms. Lewis propounded a second set of requests for production of documents in which she requested additional surveillance video between 10:30 p.m. on July 31, 2015 through 7:00 a.m. on August 1, 2015. Ms. Lewis also requested cleaning, maintenance, and inspection logs of the area between Harrah's buffet and the Masquerade lounge.
The trial court continued the hearing on the motion for summary judgment without date pending Jazz Casino's responses to Ms. Lewis's second set of document requests. In response to the second discovery requests, Jazz Casino stated that it had no other videotape, and had no such logs.
On August 4, 2017, the trial court held a hearing on Jazz Casino's motion for summary judgment, and on August 15, 2017, the trial court signed a judgment granting Jazz Casino's motion, and dismissing Ms. Lewis's cause of action. Ms. Lewis then sought a timely devolutive appeal of the trial court's judgment.
DISCUSSION
Standard of Review
We apply a de novo standard of review in examining a trial court's ruling on summary judgment. Hare v. Paleo Data, Inc. , 11-1034, p. 9 (La. App. 4 Cir. 4/4/12), 89 So.3d 380, 387. Accordingly, we use the same criteria that govern a trial court's consideration of whether summary judgment is appropriate. Id. "[A] motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(A)(3). Factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion and all doubts must be resolved in the opponent's favor. Fiveash v. Pat O'Brien's Bar, Inc. , 15-1230, p. 7 (La. App. 4 Cir. 9/14/16), 201 So.3d 912, 917. In determining whether an issue is genuine, courts cannot consider the merits, make credibility determinations, evaluate testimony, or weigh evidence. Id.
La. C.C.P. art. 966(D)(1) governs the mover's burden on a motion for summary judgment:
The burden of proof rests with the mover. Nevertheless, if the mover will *73 not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.
La. R.S. 9:2800.6 : Louisiana Merchant Liability Statute
Ms. Lewis's petition asserts that she slipped and fell on some food on the floor of Jazz Casino's premises, and that it is liable to her for failure to properly maintain the casino grounds. Her action, therefore, is controlled by La. R.S. 9:2800.6, Louisiana's Merchant Liability Statute, which governs negligence claims brought against merchants for accidents caused by a condition existing on or in the merchant's premises.
The statute defines a merchant as "one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business." La. R.S. 9:2800.6(C)(2). We, and all other Louisiana circuit courts, have applied the Merchant Liability Statute to the facts of slip and fall accidents occurring in casinos. See, e.g., Thomas v. Caesars Entm't Operating Co., 12-1202 (La. App. 4 Cir. 1/23/13), 106 So.3d 1279 ; Willig v. Pinnacle Entm't, Inc. , 15-1998 (La. App. 1 Cir. 9/16/16), 202 So.3d 1169 ; Rowell v. Hollywood Casino Shreveport , 43,306 (La. App. 2 Cir. 9/24/08), 996 So.2d 476 ; Neal v. Players Lake Charles, LLC , 01-0244 (La. App. 3 Cir. 6/6/01), 787 So.2d 1213 ; Richardson v. Louisiana-1 Gaming , 10-262 (La. App. 5 Cir. 12/14/10), 55 So.3d 893.
The statute provides that a "merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition." La. R.S. 9:2800.6(A). This duty "includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage." Id.
La. R.S. 9:2800.6(B) lists three specific elements of a claim under the Merchant Liability Statute:
B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
The trial court, in granting summary judgment, concluded that Ms. Lewis failed to prove the second element, i.e., that Jazz Casino had "constructive notice of the condition which caused the damage, prior to the occurrence." Because the *74 plaintiff has the burden of proving all three elements of the Merchant Liability Statute, "the failure to prove any is fatal to the claimant's cause of action." White v. Wal-Mart Stores, Inc., 97-0393, p. 7 (La. 9/9/97), 699 So.2d 1081, 1086.
As discussed in White , the statutory definition of "constructive notice" is clear and unambiguous. Id. , 97-0393, p. 4, 699 So.2d at 1084. " 'Constructive notice means' the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." La. R.S. 9:2800.9(C)(1). Thus, there is a "temporal" element included. White , 97-0393, p. 4, 699 So.2d at 1084. This element has two components. First, the plaintiff must show that the condition existed for "some time period" prior to the fall. Id. , 97-0393, p. 4, 699 So.2d at 1084-85. Second, the plaintiff must prove that this period of time was "sufficient to place the merchant defendant on notice" of the existence of the condition. Id. , 97-0393, p. 1, 699 So.2d at 1082.
Here, the trial court found that summary judgment was proper because Ms. Lewis had not satisfied her burden of proving the temporal component of constructive notice, i.e., that the condition existed for "some time period" prior to her fall.
The Supreme Court has described the temporal requirement of constructive notice as follows:
Though there is no bright line time period, a claimant must show that "the condition existed for such a period of time that the defendant merchant would have discovered its existence through the exercise or ordinary care...." Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, there remains the prerequisite showing of some time period . A claimant who simply shows that the condition existed without an additional showing the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute. Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall. This is not an impossible burden.
Kennedy v. Wal-Mart Stores, Inc. , 98-1939 (La. 4/13/99), 733 So.2d 1188, 1190-91 (emphasis added) (citing White, 97-0393, pp. 4-5, 699 So.2d at 1190-91).
According to the Supreme Court, the plaintiff must make a "positive showing" that the condition "did exist for some period of time prior to [the] fall." Babin v. Winn-Dixie Louisiana, Inc. , 00-0078, p. 6 (La. 6/30/00), 764 So.2d 37, 40 (citing White , 97-0393, p. 4, 699 So.2d at 1084 ). Thus, "[t]he statute does not allow for the inference of constructive notice absent some showing of this temporal element." White , 97-0393, p. 4, 699 So.2d at 1084. "Because it is the claimant's burden to prove [the spill's] existence for some period of time, the absence of evidence ... is fatal to the claimant's cause of action." Id. , 97-0393, p. 7, 699 So.2d at 1086 (emphasis added).
In White , Kennedy , and Babin , the Supreme Court addressed only the "temporal" element of the statute, which simply requires that the plaintiff show that the condition existed for "some period of time." These Courts held that the plaintiffs could not meet their burden of proof because they presented no evidence at all . See White , 97-0393, p. 7, 699 So.2d at 1086 ("Plaintiff presented absolutely no evidence that the liquid was on the floor for any length of time."); Babin , 00-0078, p. 6, 764 So.2d at 40 ("Despite his speculation *75 that the condition may have existed for some period prior to his fall, plaintiff is clearly unable to make a positive showing."); Kennedy , 98-1939, 733 So.2d at 1191 ("[P]laintiff presented absolutely no evidence as to the length of time the puddle was on the floor before his accident."). These Courts, therefore, did not reach the second issue of whether the condition "would have been discovered if the merchant had exercised reasonable care." According to the Supreme Court in White , "[w]hether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question. " White , 97-0393, p. 4, 699 So.2d at 1084 (emphasis added).
Ms. Lewis Presented Sufficient Circumstantial Evidence to Show that the Substance on the Floor Existed for "Some Period of Time" Prior to Her Accident
Proof of the temporal element of La. R.S. 9:2800.6 may be made by both direct and substantial evidence. Birdsong v. Hirsch Mem'l Coliseum , 39,101, p. 7 (La. App. 2 Cir. 12/15/04), 889 So.2d 1232, 1236. Thus, "[a] plaintiff is not required to prove by eyewitness testimony that the hazardous condition existed for a certain number of minutes prior to the fall." Beggs v. Harrah's New Orleans Casino , 14-0725, p. 10 (La. App. 4 Cir. 1/21/15), 158 So.3d 917, 923. Ms. Lewis, therefore, may rely on circumstantial evidence to meet her burden of proving constructive notice. See Davis v. Cheema, Inc. , 14-1316, p. 8 (La. App. 4 Cir. 5/22/15), 171 So.3d 984, 989.[1] Circumstantial evidence is "evidence of one fact, or a set of facts, from which the existence of the fact to be determined may reasonably be inferred." Smith v. Toys "R" Us, Inc. , 98-2085, p. 7 (La. 11/30/99), 754 So.2d 209, 213.
As stated in White , there is no "bright line time period" required, and the time period need not be in specific minutes or hours. All that is required is that the substance be present for "some period of time" prior to Ms. Lewis's accident. The surveillance video shows that, one minute after Ms. Lewis entered the tiled walkway in front of Harrah's buffet, her leg slipped out from under her and she fell. The video shows that within seconds of the accident, Ms. Lewis's son and husband rushed over to help her, and both testified that they saw the foreign substance on the floor and her shoe. Ms. Lewis testified that she saw "little white stuff" on the floor. She also said that when Mr. Parkman came over immediately to help her, he told her that she had slipped on a "smushed grape." Ms. Mayshack, the Harrah's supervisor stated that she was called over by Mr. Parkman after the fall, and she saw a substance like "melted cheese" on the floor. And because Ms. Lewis's slip and fall, and the witnesses' observations of the foreign substance, occurred within seconds of each other, we disagree with Jazz Casino's contention that post-accident evidence is insufficient to establish that the substance was on the floor for "some period of time" before the accident. See Davis v. M & E Food Mart, Inc. , 02-0585, p. 2 (La. App. 3 Cir. 10/30/02), 829 So.2d 1194, 1196 (reversing summary judgment where defendant's employees testified that they saw a "smashed" grape on the floor when they went to help the plaintiff "immediately" after her slip and fall).
It may be reasonably inferred from this circumstantial evidence that the foreign substance was on the floor for "some time *76 period" before Ms. Lewis's fall. That is all the Supreme Court requires.
We conclude, therefore, that Ms. Lewis has satisfied the "prerequisite showing of some time period." White, 97-0393, p. 4, 699 So.2d at 1084.
The trial court did not address the second component of constructive notice, which requires proof that the condition would have been discovered during this time period if the merchant had exercised reasonable care. La. R.S. 9:2800.6(C)(1). In White , the Supreme Court declared that "[w]hether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question." White , 97-0393, p. 4, 699 So.2d at 1084 (emphasis added).
Thus, whether or not the condition existed for such a length of time sufficient to constitute constructive notice is a fact question that must be submitted to the jury. Bagley v. Albertson's, Inc. , 492 F.3d 328, 331 (5th Cir. 2007) ; Zachary v. Macy's Retail Holdings, Inc. , No. 09-868, 2010 WL 2267522, at *3 (M.D. La. June 2, 2010) ("To emphasize, whether the period of time was sufficient to create constructive notice is a factual question reserved for the jury.") (citing White , supra ); Price v. Wal-Mart Stores, Inc. , No. 07-1114, 2008 WL 341375, at *4 (W.D. La. Feb. 5, 2008).
In sum, we conclude that Ms. Lewis has presented sufficient circumstantial evidence to show that the foreign substance was on the floor of the casino for "some period of time" prior to her slip and fall. Whether the condition existed for such a length of time sufficient to place Jazz Casino on notice is necessarily a question of fact for the jury.
Ms. Lewis Has Established the Existence of Genuine Issues of Material Fact
We also agree with Ms. Lewis that the circumstantial evidence presented in opposition to the Motion for Summary Judgment establishes the existence of genuine issues of material fact such that summary judgment is precluded. See Wood v. Becnel , 02-1730, pp. 7-8 (La. App. 4 Cir. 2/26/03), 840 So.2d 1225, 1228-29. For example, although Ms. Lewis proved that the substance was on the floor for "some period of time," the length of time the substance was present is clearly in dispute and can only be determined by the fact finder at trial. Ms. Lewis has established that the surveillance videotape only shows the condition of the floor one minute prior to the accident. Ms. Lewis asserts that Jazz Casino selectively chose to only preserve video for one minute before her fall, which raises a genuine issue of material fact as to whether Jazz Casino intentionally, and without reasonable explanation, failed to preserve videotape evidence that was detrimental to its case and would have enabled Ms. Lewis to prove her case. Finally, although Harrah's buffet closed at 10:00 p.m., Jazz Casino has no logs or other records showing whether the walkway floor was cleaned between 10:00 p.m. and the time of her slip and fall, which establishes another genuine issue of material fact for the jury.
Because Ms. Lewis presented circumstantial evidence that satisfied her burden of showing that the substance was on the floor for "some period of time" before her slip and fall, and because this evidence established the existence of genuine issues of material fact, the trial court erred in granting Jazz Casino's motion for summary judgment.
CONCLUSION
For all these reasons, we reverse the trial court's judgment and remand this matter for further proceedings.
REVERSED; REMANDED
LOBRANO, J., CONCURS IN THE RESULTS.
BAGNERIS, J., DISSENTS
BAGNERIS, J., DISSENTS
*77 I respectfully dissent from the majority ruling, because I find that the plaintiff cannot make the required showing of constructive notice on the part of defendant-appellee, Jazz Casino. See La. R.S. 9:2800.6(B).
The parties do not dispute that the fall occurred and a foreign substance was found on plaintiff's shoe at the time of the fall. Instead, the principal issue in this case is whether Jazz Casino had constructive notice of the condition. " 'Constructive notice' means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." La. R.S. 9:2800.6 (C)(l). "[W]here a claimant is relying upon constructive notice..., the claimant must come forward with positive evidence showing that the damage-causing condition existed for some period of time, and that such time was sufficient to place the merchant defendant on notice of its existence." White v. Wal-Mart Stores, Inc. , 97-0393, p. 1 (La. 9/9/97), 699 So.2d 1081, 1082. The merchant does not have to make a positive showing of the absence of the existence of the condition before the fall. Id. , 97-0393 at p. 7, 699 So.2d at 1086.
While the question "[w]hether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question ... there remains the prerequisite showing of some time period . A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute." Id. , 97-0303 at p. 4, 699 So.2d at 1084 (emphasis added).
"The statute is clear ... the claimant must show that the substance remained on the floor for such a period of time that the defendant merchant would have discovered its existence through the exercise of ordinary care." Id. , 97-0393 at p. 7, 699 So.2d at 1086. Plaintiff herein presented absolutely no evidence that the substance was on the floor for any length of time. The videotape shows nothing on the floor prior to the accident, and it is equally possible that the substance was tracked in by plaintiff herself on her shoe, or was tracked in by and fell off of the shoe of one of the individuals who immediately preceded her through the area. Moreover, the majority's emphasis on the fact that videotape was only preserved for the minute leading up to the fall is misplaced. Nothing is visible in the videotape, so there would be no benefit from watching nothing on the videotape for ten minutes or an hour, rather than the portion that was preserved. If the video had shown something on the floor, extended videotape would be useful to show how long it had been there; but where it shows nothing, more tape is not more helpful.
"This complete lack of evidence falls far short of carrying the burden of proving that the [substance] had been on the floor for such a period of time that the defendant should have discovered its existence." Id. Therefore, I find that plaintiff cannot demonstrate an essential element of her claim, and the district court properly granted summary judgment.
Accordingly, I respectfully dissent.

Circumstantial evidence can be used to defeat a motion for summary judgment. Tomlinson v. Landmark American Ins. Co. , 15-0276, pp. 7-8 (La. App. 4 Cir. 3/23/16), 192 So.3d 153, 159.