| JOHN A. ADEMA, RODI W. ADEMA, PATRICK M. ADEMA, BETH ADEMA CURY, PATRICIA TALLEY FEATHERSTONE, LAUREN TALLEY MILLS, AND DENNIS J. TALLEY, ET AL. | * | NO. 2023-C-0785 |
|---|---|---|
| | * | |
| | | COURT OF APPEAL |
| | * | |
| | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |
| VERSUS | * * * * * * * | |
| | | |
| SOUTHERN NATURAL GAS COMPANY, L.L.C., HIGH POINT GAS TRANSMISSION, LLC, AND HIGH POINT GAS GATHERING, L.L.C. | | |

APPLICATION FOR WRITS DIRECTED TO
25TH JDC, PARISH OF PLAQUEMINES
NO. 66-691, DIVISION "B"
Honorable Michael D. Clement
* * * * * *
**Judge Rachael D. Johnson**
* * * * * *

(Court composed of Judge Rosemary Ledet, Judge Rachael D. Johnson, Judge Karen K. Herman)

James R. Swanson
H.S. Bartlett III
Lance C. McCardle
E. Blair Schilling
Fishman Haygood, L.L.P.
201 St. Charles Avenue, Suite 4600
New Orleans, Louisiana 70170

Gladstone N. Jones, III
Bernard E. Boudreaux, Jr.
Michael P. Arata
Kevin E. Huddell
John T. Arnold
Alayne Gobeille

Thomas F. Dixon
Rosa A. Acheson
Jones Swanson Huddell LLC
601 Poydras St., Suite 2655
New Orleans, LA 70130

S. Jacob Braud
BALLAY, BRAUD & COLON, PLC
8114 Highway 23, Suite 101
Belle Chasse, Louisiana 70037

J. Michael Veron
Turner D. Brumby
VERON, BICE, PALERMO & WILSON, L.L.C.
721 Kirby Street (70601)
P.O. Box 2125
Lake Charles, Louisiana 70602

COUNSEL FOR RELATOR

Cheryl M. Kornick
Kelly B. Becker
Laura S. Brown
Cristian M. Soler
LISKOW & LEWIS
Hancock Whitney Center
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099

Richard D. McConnell, Jr.
KEAN MILLER, LLP
400 Convention Street, Suite 700
P.O. Box 3513 (70821-3513
Baton Rouge, LA 70802

Jamie D. Rhymes
LISKOW & LEWIS
1200 Camelia Blvd., Suite 300
Lafayette, Louisiana 70508

COUNSEL FOR RESPONDENTS-High Point Gas Transmission, LLC and High
Point Gas Gathering, L.L.C.

Michael R. Phillips
Claire E. Juneau
Jeffrey J. Gelpi
KEAN MILLER, LLP
First Bank and Trust Tower
909 Poydras Street, Suite 3600
New Orleans, LA 70112

COUNSEL FOR RESPONDENTS-Southern Natural Gas Company

**WRIT GRANTED; JUDGMENT**
**REVERSED AND REMANDED**
**JANUARY 31, 2024**

RDJ
RML
KKH

Relators, plaintiffs John A. Adema, Rodi W. Adema, Patrick M. Adema, Beth Adema Cury, Patricia Talley Featherstone, Lauren Talley Mills, and Dennis J. Talley, (collectively, "the Relators") seek review of the November 7, 2023 district court judgment, granting Respondents, defendants High Point Gas Transmission, L.L.C., High Point Gas Gathering, L.L.C., and Southern Natural Gas Company, L.L.C.'s (collectively, "the Respondents") motion for summary judgment. We grant the Relator's writ application and reverse the district court's judgment, finding that there are genuine issues of material fact which preclude summary judgment.

## FACTS AND PROCEDURAL HISTORY

The facts of this matter were previously set forth in *Adema v. S. Nat. Gas Co., L.L.C.*, 23-0052, pp. 1-2 (La. App. 4 Cir. 5/1/23), 367 So.3d 773, 775, as follows:

> This matter arises out of a dispute between members of two families who are owners of coastal wetland property in Plaquemines Parish, and three companies to which Plaintiffs' predecessors-in-interest had given rights of way permitting the companies to use the properties to install, maintain and dredge canals, and to maintain pipelines on those properties for the transportation of gas, oil or other substances, and

1

commodities. Those rights of way ("ROWs") had been granted beginning in 1952 with the final agreement taking place in 1970. Plaintiffs alleged in their Petition and First Amended Petition that the ROWs expressly limited the width of the canals, and that the failure to properly maintain the canals within those widths caused the erosion of the canal banks and the loss of Plaintiffs' land.

The Respondents moved for summary judgment on causation, asserting that they can only be held liable for loss caused by their own actions as opposed to all land loss regardless of cause. The Respondents attached the affidavit of their counsel, Cristian Soler, in support of the motion. In his affidavit, Mr. Soler attested to having personal knowledge of the facts included in the affidavit. Attached to his affidavit were the six ROWs[1] produced during discovery by the Relators as well as two Louisiana Coastal Master Plans ("the Master Plans") from 2017 and 2023, respectively, which he attested to accessing and downloading from the Coastal Protection and Restoration Authority's website. Further, Mr. Soler stated that the copies of the Master Plans attached to his affidavit were true and correct.

Following a hearing, the district court granted the motion for summary judgment on November 7, 2023, "as to the tort claims based on the defendants' failure to prevent damage from natural forces." The district court reasoned that, pursuant to the ROWS, the parties agreed that the Respondents are not strictly liable for all canal widening, and therefore, can only be liable for damages caused by improper or unauthorized activity. The Relators timely sought supervisory review of the district court's judgment.

---

[1] The six ROWs are the 1952 ROW, the First 1958 ROW, Second 1958 ROW, the 1967 ROW, the 1968 ROW and the 1970 ROW.

**STANDARD OF REVIEW**

Appellate courts review a district court's decision to grant a motion for summary judgment *de novo*. *Guilbeaux v. Lupo Enterprises, L.L.C.,* 21-0053, p. 4 (La. App. 4 Cir. 5/19/21), 321 So.3d 447, 451. "A motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La. Code Civ. Proc. art. 966(A)(3). "In determining whether an issue is genuine, courts cannot consider the merits, make credibility determinations, evaluate testimony, or weigh evidence." *Lewis v. Jazz Casino Co.,* 17-0935, p. 6 (La. App. 4 Cir. 4/26/18), 245 So.3d 68, 72 (citations omitted). Here, we apply the *de novo* standard to the matter *sub judice*.

**DISCUSSION**

Pursuant to our *de novo* review, we find that genuine issues of material fact exist as to whether the Respondents owed the Relators a duty and whether there has been a breach of that duty because the intent of the parties cannot be determined from the ROWs. The ROWs contain ambiguities as to the Respondents' duty and obligations. We further find that Mr. Soler's affidavit is facially deficient.

The instant matter involves the interpretation of the ROWs, which are contractual agreements. *See Morgan City Land & Fur Co., L.L.C. v. Tennessee Gas Pipeline Co., L.L.C.,* 2020-0676, p.8 (La. App. 4 Cir. 4/21/21), 319 So.3d 437, 444. "The determination of whether a contract is clear or ambiguous is a question of law." *Sims v. Mulhearn Funeral Home, Inc.,* 07-0054, p. 9 (La. 5/22/07), 956 So.2d 583, 590.

3

There are discrepancies in the terms of the five ROWs executed prior to 1970[2] ("the Older ROWs") and the 1970 ROW which make it unclear whether the parties intended to expand the Respondents' obligations when the Relators' allowed them to widen the width of the canal from 40 feet up to 65 feet in the 1970 ROW. The language in the 1970 ROW obligated the Respondents to pay for all property loss or damage "arising wholly or in part from or in connection with the existence, construction, maintenance, repair, operation, use, removal, alteration, reconstruction or removal of the aforesaid pipeline or canal . . . ." In contrast, the Older ROWs did not require the Respondents to pay for property loss or damages associated with the canal.

Additionally, all of the ROWs contain language limiting the width of the canal but at varying widths. The Older ROWs permit the Respondents to fill in or leave open the canal, but specify that the width of the canal could not exceed 40 feet in the ROWs executed from 1952 through 1958 nor 25 feet in the two ROWs executed in 1967. This language creates an ambiguity as to the Respondents' duty to maintain the canals though they had the option to fill in or leave the canal open. In contrast, the 1970 ROW provided: the width of the canal could not exceed 65 feet; the Respondents were required to obstruct water flow and marine traffic— as directed by the Relators— through the installation and maintenance of dams at the Respondents' expense; and, that the purpose of the installation of the dams is to "prevent undue erosion, drainage, flooding, infiltration of salt water or intrusion of trespassers of or upon Grantor's [Relators'] land." Due to the inconsistencies in the terms of the ROWs it is unclear whether they, when interpreted collectively,

---

[2] The five ROWs referred to here are the December 31, 1952 ROW, the January 7, 1958 ROW, the February 3, 1958 ROW, the July 21, 1967 ROW, and the October 24, 1967 ROW.

created a duty obligating the Respondents to repair all land loss stemming from their dredging of the canal, even if some portion of the loss was created by natural forces.

Lastly, we find that Mr. Soler's affidavit is incompetent summary judgment evidence. In his affidavit, Mr. Soler attests to having personal knowledge of the Master Plans and learning of the same from the Coastal Protection and Restoration Authority ("CPRA"). Mr. Soler, however, is not the custodian of the CPRA's records. Supporting affidavits are required to be made on personal knowledge, which "means something which a witness actually saw or heard" as opposed to something a witness learned from an outside source. La. Code Civ. Proc. art. 967(A); *Harris v. Boh Bros. Constr. Co., L.L.C.*, 20-0248, p. 8 (La. App. 4 Cir. 5/26/21), 322 So.3d 397, 405 (citation omitted). Moreover, only certified copies of public documents may be filed or referenced in support of or in opposition to a motion for summary judgment. La. Code Civ. Proc. art. 966(A)(4)(a). Records can only be certified by the person designated as the keeper of the same. The copy of the Master Plans attached to Mr. Soler's affidavit are uncertified and unauthenticated. *Labarre v. Occidental Chem. Co. & Texas Brine Co., LLC*, 17-1370, p. 20 (La. App. 1 Cir. 6/4/18), 251 So. 3d 1092, 1105 (holding on *de novo* review of a motion for summary judgment "that attaching documents to an affidavit of an attorney on the case, not the keeper of the records, and designating the records as a 'true and correct copy' does not authenticate, certify, or make them admissible). The deficiencies in Mr. Soler's affidavit and the attached Master Plans make them incompetent summary judgment evidence that cannot be relied upon.

## DECREE

For the foregoing reasons, the Relators' writ application is granted. The November 7, 2023 district court judgment is reversed and this matter is remanded for further proceedings.

**WRIT GRANTED; JUDGMENT**
**REVERSED AND REMANDED**