| RITZY TORREZ | * | NO. 2024-CA-0598 |
|---|---|---|
| VERSUS | * | COURT OF APPEAL |
| ST. BERNARD HOSPITAL FOUNDATION, INC., | * | FOURTH CIRCUIT |
| LAMMICO, AND OCHSNER CLINIC FOUNDATION D/B/A | * | STATE OF LOUISIANA |
| OCHSNER HEALTH SYSTEM | * | |
| | * | |

* * * * * * *

**JENKINS, J., DISSENTS WITH REASONS**

I respectfully dissent from the majority. The majority incorrectly concludes that Ms. Torrez did not establish at trial that SBPH had actual or constructive notice of the alleged defect. The majority relies heavily on Ms. Lubrano's testimony in this assessment.

The majority notes that Ms. Torrez's testimony of roof-covered area where she fell corroborates Ms. Lubrano's description of the floor as well. However, Ms. Lubrano did not have firsthand knowledge of the defect, as Ms. Lubrano testified that she was not present at the hospital on the date of the accident. The majority also notes that the surveillance video shows that no one else slipped or fell as they walked through the ER entrance doors. Nevertheless, I find that this fact is immaterial. Whether multiple people traversed the area without incident does not affect constructive knowledge or the presence of a defect.

Ms. Torrez testified that it was raining when she returned to the hospital. She further testified that when she walked to the ER entrance, her right foot slipped and she fell to her left knee. She described the floor was wet and the person she was with helped her up from the floor. Ms. Torrez testified that there was a mat on the floor, however, it was not pulled up to the threshold and the "space between the mat and the floor itself on the tile [sic]" is where she slipped.

"Constructive notice is defined as 'the existence of facts which infer actual knowledge.' Constructive notice can be found if the conditions which caused the injury existed for such a period of time that those responsible, by the exercise of ordinary care and diligence, must have known of their existence in general and could have guarded the public from injury." *Russell v. Forest Isle, Inc.*, 2018-0602 (La. App. 4 Cir. 12/5/18), 261 So. 3d 47, 50 (quoting *Gardner v. La. Superdome*, 2013-1548, p. 7 (La. App. 4 Cir. 5/7/14), 144 So.3d 1105, 1109).

It is undisputed that it had been raining the day of the accident. Ms. Lubrano acknowledged that when it rains, there is a heightened awareness and duty for staff to be on alert for hazardous conditions. Ms. Lubrano testified that the video depicted Officer Jordan going in and out the ER entrance, which would indicate he was on his regular rounds of monitoring.

The majority notes the district court found Ms. Torrez credible and believed that there was water on the ground at the ER entrance. Contrary to the district court's credibility call, the majority found that Ms. Torrez failed to satisfy her burden of proof. I disagree.

It is well-settled that an appellate court "must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The . . . principle of review is based not only upon the trial court's better capacity to evaluate live witnesses (as compared with the appellate court's access only to a cold record). " *Braud v. Bernstein*, 2023-0332, p. 3 (La. App. 4 Cir. 12/20/23), 381 So. 3d 58, 61-62 (quoting *Guillory v. Lee*, 2009-0075, p. 14 (La. 6/26/09), 16 So.3d 1104, 1116-17).

The majority finds that this matter is similar to the *Bourgeois* case. However, the *Bourgeois* case is distinguishable because there was no employee in

that case that monitored the area prior to the accident and there was no surveillance video that captured the accident.

In *Lewis v. Jazz Casino Company, L.L.C.*, this Court examined a judgment in a slip-and-fall case. 2017-0935, p. 1 (La. App. 4 Cir. 4/26/18), 245 So. 3d 68, 70. The plaintiff alleged that when she was walking through the defendant's casino, she slipped and fell on some food on the floor. The plaintiff testified that she did not know how the grape got on the floor, did not know how long the grape was on the floor, and did not know if the defendant's employee put the grape on the floor. *Id.* at p. 2, 245 So.3d at 71. The trial court in that matter concluded that the plaintiff failed to prove that the defendant had constructive notice of the condition which caused the damage. *Id.* at pp. 7-8, 245 So.3d at 73.

This Court found that the plaintiff presented sufficient circumstantial evidence that the substance existed for some period of time prior to the accident. This Court noted that the surveillance video showed that one minute after the plaintiff entered the walkway in front of the defendant's buffet, her leg slipped out from under her and she fell. The Court further provided that the video showed that within seconds of the accident, plaintiff's son and husband rushed over to help her, and both testified that they saw the foreign substance on the floor and her shoe. *Id.* at p. 10, 245 So.3d at 75.

Here, as mentioned above, it is undisputed that it was raining prior to the accident and that Officer Jourdan exited and entered the area prior to Ms. Torrez's fall. Moreover, Ms. Torrez testified that her clothes were not wet when she arrived at the hospital, but subsequent to her fall, she felt wetness.

Thus, in light of the testimony that it was raining prior to Ms. Torrez's accident, Officer Jourdan monitoring the area, and the mat at the ER entrance was not pulled up to the threshold, I find that it is not unreasonable for the district court to find that there was a defect and SBPH had constructive notice. I find that Ms.

Torrez established a *prima facie* case of showing that there was water in the ER entrance and that SBPH had constructive notice.

I would affirm the trial court's June 25, 2024 judgment.