# United States Court of Appeals for the Fifth Circuit

No. 25-30332

United States Court of Appeals
Fifth Circuit

**FILED**
March 4, 2026

Lyle W. Cayce
Clerk

Sheila Taylor,

*Plaintiff—Appellant*,

*versus*

Walmart Incorporated,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:24-CV-1636

Before Elrod, *Chief Judge,* and Higginbotham and Graves, *Circuit Judges.*

Per Curiam:[*]

Sheila Taylor fell in a Walmart. She sued Walmart for the injuries she sustained after tripping over an unattended bag of charcoal that she claims Walmart knew or should have known about. The district court granted Walmart's motion for summary judgment, determining that there was no evidence in the record to support Taylor's negligence claim. It also denied Taylor's motion for a second extension of time to file a response in opposition

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

to the motion for summary judgment and her motion for relief from the judgment.  We affirm.

## I.

Taylor brought this lawsuit against Walmart Inc. for injuries she sustained on October 27, 2022, after she tripped over a bag of charcoal.  At the time of the incident, Taylor was in a Walmart store accompanied by her co-worker Virginia Neil Isaacs.  Taylor alleges she reached up for a bag of charcoal and tripped backwards on a bag of charcoal that was lying on the floor.  She claims she suffered injuries and medical expenses as a result of her fall.  Taylor sued in Louisiana state court under La. R.S. § 9:2800.6, Louisiana's premise liability statute.  Walmart removed the case to the United States District Court for the Eastern District of Louisiana.

On April 25, 2025, Walmart filed a motion for summary judgment. The district court's amended scheduling order set May 2, 2025, as the deadline for any response.  Taylor did not submit a brief in opposition by the deadline.  On May 5, the district court *sua sponte* e-mailed all counsel and extended Taylor's deadline to file an opposition to Walmart's motion for summary judgment to May 7, 2025, at 5:00 PM.  At the extended deadline, Taylor still did not submit a response in opposition to summary judgment. Instead, on May 8, Taylor filed a motion for extension of time to respond to Walmart's motion for summary judgment.  Shortly thereafter on May 8, the district court granted Walmart's motion for summary judgment and denied Taylor's motion for extension of time.  Taylor filed a motion for relief from the district court's judgment.  This too was denied.  Taylor filed a timely notice of appeal.

## II.

We review the grant of summary judgment *de novo*. *In re La. Crawfish Prods.*, 852 F.3d 456, 462 (5th Cir. 2017).  Summary judgment is proper if the

No. 25-30332

movant shows that there is no dispute of material fact and that the movant is entitled to judgment as a matter of law. *Id.* (citing Fed. R. Civ. P. 56(a)). A genuine dispute over the facts exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Sweetin v. City of Texas City, Texas*, 48 F.4th 387, 391 (5th Cir. 2022) (citation omitted). We view the evidence in the light most favorable to the non-movant and resolve factual controversies in the non-movant's favor. *In re La. Crawfish Prods.*, 852 F.3d at 462.

When the movant does not bear the burden of proof at trial, the moving party can prevail on summary judgment by either: (1) submitting affirmative evidence that negates an essential element of the non-moving party's claim; or (2) demonstrating the evidence provided by the non-movant is insufficient to establish an essential element of the non-moving party's claim. *See In re La. Crawfish Prods.*, 79 F.4th at 462. Here, the substantive law of Louisiana, the forum state, applies. *Petrohawk Props., L.P. v. Chesapeake La., L.P.*, 689 F.3d 380, 387 (5th Cir. 2012).

## III.

The district court did not err in granting Walmart's motion for summary judgment. Simply put, there was no competent summary judgment evidence in the record to establish that Walmart had either actual or constructive knowledge of the hazardous condition. As stated, Taylor failed to file a brief in opposition. The district court concluded that Walmart met its burden of "affirmatively demonstrating that there is no evidence in the record to establish [the] essential elements of Plaintiff's claim." *See Taylor v. Walmart Inc.*, 2025 WL 1342787, at *6 (E.D. La. 2025).

To prevail at summary judgment, Walmart had to establish that Taylor could not prove at least one element of her premise liability claim. *See Alvarado v. Briese Schiffahrts GmbH & Co. KG MS Sapphire*, 161 F.4th 289,

3

No. 25-30332

294 (5th Cir. 2025). Under Louisiana law, a plaintiff bringing a negligence claim under a theory of premise liability must show: (1) the condition presented an unreasonable risk of harm to the plaintiff and the risk of that harm was reasonably foreseeable; (2) the merchant defendant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and (3) the merchant failed to exercise reasonable care. La. R.S. § 9:2800.6; *see also White v. Wal-Mart Stores, Inc.*, 97-0393, p. 1 (La. 01/09/97), 699 So.2d 1081, 1082.

The district court focused its analysis primarily on the actual-or-constructive-notice element. The district court first correctly concluded that Taylor could not prove actual notice. Examining the summary judgment record, it recognized that, at best, Taylor could point to deposition testimony that suggested that Walmart employees may have been in the vicinity of the charcoal bag. However, the existing testimony did not establish that Walmart, in fact, had knowledge of the hazardous condition. In fact, the record contained evidence that cast significant doubt on whether there were any Walmart employees in the vicinity of the charcoal bag.

The district court also correctly determined that Taylor could not demonstrate that Walmart had constructive notice of the charcoal bag. For Taylor to have done so, she would have had to make an affirmative showing that the charcoal bag existed for a period of time such that the store had reasonable notice of the condition. *Lewis v. Jazz Casino Co., L.L.C.*, 2017-0935, p. 8 (La. App. 4 Cir. 4/26/18), 245 So.3d 68, 74. The district court, scrutinizing the summary judgment record, agreed with Walmart that Taylor had not made the requisite "positive showing." *Taylor*, 2025 WL 1342787, at *5 (citation omitted). This is correct. The record did not contain any evidence showing that the hazardous condition existed for any duration such that Walmart would have had constructive notice. *Cf. Lewis*, 245 So.3d at 10–11 (finding plaintiff established constructive notice through time-stamped

4

surveillance footage and multiple corroborating eyewitnesses).  Accordingly, the district court rightly determined that Walmart had met its burden at summary judgment.

Taylor's appeal also challenges the district court's denial of her motion for an extension of time to file a brief in opposition to Walmart's motion for summary judgment and her motion for relief from the judgment.  On Taylor's telling, the district court "refuse[d] to grant relief under the documented force majeure circumstances."  As such, she contends that "good cause" existed and the district court erred in denying her motion.

However, Taylor omits that prior to the "severe thunderstorm" that rendered her counsel unable to file a response, she had already missed the court-ordered deadline.[1]  What is more, the district court *sua sponte* granted Taylor an extension to file her response—and she still failed to file it by the extended deadline.  Taylor informed the district court that this failure to comply with the scheduling order was due to "overlapping obligations of her counsel," "genuine confusion and mistake on the part of the undersigned and his staff," and "improper clerical calendaring."  Even if Taylor's counsel briefly lost access to the relevant files, the district court was well within its "broad discretion" to deny her motion for an additional extension.

---

[1] The district court's amended scheduling order, like its original scheduling order, set a deadline for any response to a motion for summary judgment of seven days after the motion filing deadline.  We acknowledge that this scheduling order is one day less than the Eastern District of Louisiana default rule of eight days for a response.  *See* E.D. La. LR 7.5.  However, this local rule only sets a default in the absence of an explicit order.  District courts are afforded broad discretion to manage their cases through scheduling orders.  *See Hodges v. United States*, 597 F.2d 1014, 1018 (5th Cir. 1979); *see also S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535–36 (5th Cir. 2003) (declaring that district courts have broad discretion to modify their scheduling orders).  The district court did not abuse its discretion here.

No. 25-30332

*See Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990) (quoting *Hodges v. United States*, 597 F.2d 1014, 1018 (5th Cir. 1979)).

Likewise, the district court was well within its discretion to deny Taylor's motion for relief from the judgment. Taylor, in her motion, asserted that "fair play,, [sic] substantial just [sic] warrants giving her relief" from the court's judgment under Rule 60 and "failure not [sic] to give her relief would be a grave in justice [sic]" given "the limited time delay and special circumstances" that rendered her incapable of filing her response brief. On appeal, Taylor contends that the "Fifth Circuit has long held that Rule 60(b) relief is appropriate where external circumstances deny a party a fair opportunity to be heard." Again, Taylor fails to mention that it was not "external circumstances" that caused her failure to timely file her response, but, as she conceded before the district court, her and her counsel's own mistakes.

Even still, the district court—despite being under no obligation to do so—considered the evidence Taylor wished to be considered at summary judgment and still determined that nothing presented would alter its conclusion. Thus, we reject Taylor's argument that the district court erred in denying her motion for relief from the judgment.

\* \* \*

For the above reasons, we AFFIRM the district court's judgment.